(Decided October 27th, 1862.)

---

NATHANIEL WILLIAMS, and others, *vs.* DANIEL B. BANKS, and others.

In cases remanded under the Act of 1832, ch. 302, where the opinion of the Court of Appeals has been pronounced on the several questions involved in the first appeal, the decision of that Court, thus pronounced, is, by the terms of that Act, made *conclusive* as to the points finally decided, and no error can be imputed to the Court below, if its subsequent proceedings have been in conformity with that decision.

Where a claim has been allowed by the Court of Appeals, and the cause remanded for further proceedings, it is too late to plead to such claim, for the first time, the *statute of limitations.*

Where the defence of *usury* is set up to the claims of the complainants, the affirmative of this charge by the defendants rests upon them under the Act of 1845, ch. 352, and must be sustained by evidence, which can enable the Court to decide that less than the nominal amount of a promissory note has been paid for it, and *how much less,* so that under the 3rd sect. of the Act, the Court may ascertain the amount really due, and decree accordingly.

A complainant in a bill in equity alleges an indebtedness to him by one as maker or endorser of *"certain promissory notes,"* describing one of the notes filed as an exhibit with the bill; and the respondents, in their answer, make defence against *"any note or notes"* of the party indebted—HELD: that any promissory notes of such party, held by the complainant at the time the bill was filed, are embraced within its allegations, though filed as claims, for the first time, after the cause was remanded; and also, that the plea of *limitations* cannot be sustained as to such of said claims as were not barred by *limitations* when the bill was filed.

APPEAL from the Circuit Court for Baltimore city.

This cause was on a former occasion before this Court. The proceedings and decision of the Court upon the first appeal, will be found reported in 11 *Md. Rep.*, 198, &c. Subsequently to the remanding of the cause, additional claims were filed by the complainant, Banks, under a new commission, and further testimony taken, not only in reference to said additional claims, but also to those before this Court on the first appeal. Under the new commission, the complainant, Banks, as holder thereof, filed four additional promissory notes, drawn by Hannah K. Chase, and endorsed by William Chase Barney, marked D. B. B., Nos. 1, 2, 3 and 4, amounting to the sum of seven thousand dollars, dated on the 25th and 30th of July 1844, respectively, all of them payable two years after date; and proved by Joshua Cockey that the signatures thereto were in the handwriting of said Hannah K. Chase, and by Levi K. Bowen that the endorsements were in the handwriting of William Chase Barney; and also proved the handwriting

of the signatures and endorsements to the notes filed under the original commission, prior to the first appeal. The complainants also proved by George W. Earhart, that in the Spring of 1846, at the instance of William Chase Barney, he negotiated the said four notes with Daniel B. Banks, and that he recollected meeting with Hannah K. Chase about that time, and that she stated to him that the notes were good, that they were her notes, and that she had given them to her grand-son, William Chase Barney. The defendants excepted to the declarations of Mrs. Chase as inadmissible.

The complainants also filed, under the commission, the following exhibits; 1st. Exhibit A, being the record of proceedings in a suit at law in the Superior Court of Baltimore city, wherein Richard G. Berford is plaintiff, and Nathaniel Williams and Joseph B. Williams, exrs. of Hannah K. Chase, are defendants. 2nd. Exhibit B, the record of proceedings in a suit at law in the Superior Court of Baltimore city, wherein Daniel B. Banks is plaintiff, and the said executors are defendants; to the admissibility of both of which, as evidence, the defendants excepted.

The defendants then proved, by Mrs. Mary Barney, certain declarations of William Chase Barney, and also filed three letters written by him to said witness, who was his mother, tending to show fraud on the part of the said William Chase Barney, in obtaining the said notes, and usury on the part of those by whom they were negotiated. To the admissibility of which declarations and letters, as evidence, the complainants excepted.

To claims D. B. B., No. 3 and No. 5, filed under the original commission, and claims D. B. B. Nos. 1, 2, 3 and 4, filed under the remanded commission, the defendants plead the statute of limitations, and also to the notes bearing date subsequent to the date of the deed of trust, and to the claims of Renwick, Mills and Elion, which were, on

the former hearing, allowed by the Court of Appeals—the complainants objecting to the right of the defendants to file the plea of limitations to said claims. The defendants also excepted to all of the claims of the said Banks: 1st, "because the same and each of them were originated in usury, to which said Banks was a party;" and 2nd, "because the same were ante-dated, and were in fact, if executed by the said Hannah K. Chase, dated, as they purport to be, with the fraudulent purpose of avoiding the effect of the said deed of trust of the 2nd of August 1844, and were, in fact, signed and executed long subsequently to the execution and recording of said deed, and this was well known to said Banks."

The complainant, Daniel B. Banks, being afterwards examined, in pursuance of a petition of the defendants, to certain interrogatories therewith filed, testified that he purchased the notes, filed since the cause was remanded, from Earhart, in the early part of 1846, and that he did not recollect what he paid for them, and had no memorandum showing the amount; that he was not aware, at the time of purchasing them, that William Chase Barney had received the notes without consideration from Mrs. Chase; that he had filed a list of all the notes held by him, which were signed by Hannah K. Chase, amounting to the sum of $2,250, and that he was unable to say what proportion the respective sums paid by him bore to the notes and property, but that, to the best of his belief, the sums paid were a great deal more than one-third of the value of said notes and property.

The 5th of the interrogatories propounded to the said Banks, is in the following words: "If you held or possessed the said notes, now produced by you, since the mandate of the Court of Appeals, why did you not produce or file them before this cause was appealed on?" In reply, he testified that he did hold the said notes at the time of

filing the bill of complaint, but did not then file them, because he was told by D. Stewart, his counsel, at that time, that it was unnecessary to do so, he, Stewart, having made an arrangement with N. Williams, a defendant in this cause, that they were to abide the decision of this case, and that he, Banks, was not aware it was necessary to file them, until so informed by his present counsel. The defendants excepted to the admissibility in evidence of so much of said answer as relates to the statement of D. Stewart, and also to the answers generally, "as being vague, evasive, incomplete and unsatisfactory."

The Court below, (KREBS, J.,) by its decree, overruled the defendants' exceptions and plea of limitations to the complainants' claims heretofore established by the Court of Appeals, and also the exceptions of the defendants to the claim D. B. B., No. 4, under the original commission, and to the claims D. B. B., No. 1, No. 2, No. 3 and No. 4, filed by Daniel B. Banks, under the remanded commission, in which were set up the defences of usury, ante-dating and limitations; and sustained the defendants' exceptions to Banks' answers to interrogatory No. 5. The complainants' exceptions to so much of Mrs. Mary Barney's testimony as related to conversations between her and William Chase Barney, were also sustained by the decree, and the property covered by the deed of trust of Hannah K. Chase, was thereby directed to be sold, for the payment of the claims allowed. From this decree the defendants appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Henry May*, for the appellant:

The decree now under review, overrules our exceptions to such of the antecedent claims, as were established by this Court, in 11 *Md. Rep.*, 228. The claims thus said to be established are:

1. Elion's judgment rendered against Mrs. Chase the 26th of March 1846. It is true, that this Court say in 11 *Md. Rep.*, 236, that limitations cannot bar this claim, as Elion obtained judgment against Mrs. Chase on the 28th of March 1846, nearly two years after the deed of trust to the appellant; but surely this Court never meant to say, that such subsequent judgment by confession against the grantor, Mrs. Chase, could prevent her prior grantees of August the second, 1844, from pleading limitations to the cause of action, as held by Elion at the date of this deed of trust. That cause of action was the note of Mrs. Chase to Elion, which matured on the 5th of January 1845, and her other note for $350, due the 7th of January 1845. No subsequent acknowledgment or confession of judgment by Mrs. Chase, could affect the right of her prior grantees to plead limitations against the cause of action, as it stood on the day of the assignment of all her property to the appellants. *Owings & Piet, vs. Low*, 5 *G. & J.*, 145. These notes were filed for the first time before the commissioner, on the 17th of February 1851, some six years after their maturity. We excepted to these notes on two grounds, viz: limitations, and the payment of dividends on them by Talbott. They were both clearly barred when filed, and must be rejected on the objection of limitations, which runs to the filing of the claim in the creditor's suit. *Hall's adm'r vs. Cresswell*, 12 *G. & J.*, 36. It was therefore an error to hold this claim, to be clear of the recorded objection of limitations, because of the subsequently confessed judgment by Mrs. Chase. 3 *Md. Rep.*, 67 and 78. Id., 312. And the question now is, whether such mistaken opinion of this Court is conclusive on the remanding of the case under the Act of 1832, ch. 302, sec. 6. The order remanding the cause requires it to be disposed of in conformity with the opinion filed by this Court. If, therefore, the claim of Elion is to be established, it is solely because of the conclusiveness of that order.

The second of the claims allowed is Mills' note, dated July 30th, 1844, filed less than three years after maturity. The third is Renwick's note, dated July the 30th, 1844. This last note was not originally objected to on the ground of limitations, and therefore was allowed by this Court in the then state of the record. But as the Act of 1832, ch. 302, sec. 6, allows further proceedings by amendment of pleadings or new evidence, we had a right to object to it on the ground of limitations, as we have done by our new exceptions. *Doub vs. Thomas*, 1 *Md. Rep.*, 327 and 328. *Strike's case*, 1 *Bl. Ch. Rep.*, 85. *Welch vs. Stewart*, 2 *Bl. Ch. Rep.*, 42 and 43. It was only filed as a claim under his petition of the 20th of March 1850, more than three years after its maturity. This Court could not, as the record stood on the first appeal, decide the applicability of limitations to Renwick's claim, and its decision then, is not binding now when the record brought up is materially different. *Brown vs. Somerville*, 8 *Md. Rep.*, 444.

The fourth of said claims is the note held by Banks, dated July 30th, 1844, Ext. D. B. B., No. 1 or No. 5. This note fell due July the 30th, 1845, and is not barred by limitations, as it was filed with the bill of complaint on the 29th of July 1848. It was excepted to by us originally on the ground of usury, but this Court said there was no evidence of usury at that time. But since the remanding of the case, Banks has admitted that he advanced a great deal more than one-third on each and all of said notes, and this impliedly establishes usury to at least one-half of this note, on the same principle that Renwick was convicted of usury.

Banks had another antecedent claim, which was the note of Mrs. Chase, dated since the 30th of July 1844, payable one year after date, for $2000. This note was marked Exhibit No. 4, and was at the former hearing rejected for want of proof. No additional proof of the exe-

cution of this note has been taken, since the remanding of the case, yet it has been allowed by the Court below.

We now come to the consideration of the four additional notes, marked D. B. B., Nos. 1 to 4, all dated just prior to the deed of trust, and filed by Banks, for the first time, on the 14th of July 1858, after the remanding of this cause, and all of which were allowed by the Court below. It will be seen by Banks' answer to the 5th interrogatory, that he held these new or additional notes when he filed the original bill in this cause. A plaintiff has no right to file new or additional claims, after he has allowed the case to be heard as to a portion of his claims, and it has been returned from the Court of Appeals for further proceedings, in relation to the claims then before the Court. 10 *Wheat.*, 443. 3 *Howd.*, 424, *Ringgold vs. Emory*, 1 *Md. Rep.*, 349, &c. *Welch vs. Stewart*, 2 *Bl. Ch. Rep.*, 39. *Post vs. Mackall*, 3 *Bl. Ch. Rep.*, 509. But an additional reason for excluding these last claims from this record, is found in the fact, that Banks had, on the 3rd of July 1849, brought suit on them at common law, which suit was still standing at the time of the decree below. The suit at law was brought against Mrs. Chase's executors, while this bill in equity is filed against her trustee in the deed of August the 2nd, 1844. Therefore we could not have met the filing of these new claims in this cause, so late as 1858, by calling on Banks to elect between his suit at law and in equity, on the same causes of action, to relieve ourselves from a double vexation, because the defendants were different parties. 2 *Story Eq.*, sec. 889. If judgment had been recovered on them, against the executors, it would not have been admissible in evidence against the trustees of the real estate, although the individuals filling both offices might be the same. *Strike's case*, 1 *Bl. Ch. Rep.*, 57. *Gibson, et al., vs. McCormick*, 10 *G. & J.*, 109. *Collinson vs. Owens, et al.*, 6 *G. & J.*, 4. *Cox, et al., vs. McCaus-*

*land's adm'r, Id.*, 16.   *Gist's adm'r, vs. Cockey, et al.*, 7
*H. & J.*, 134.   *Dent adm'r, vs. Dent*, 3 *Gill*, 482.

*A fortiori*, these notes even if declared on in the suit at
law against the executors, cannot be considered as filed
in this equity case, until filed *de facto*, which was July
the 14th, 1858, up to which time limitations ran against
them as interposed by us.   *Hall's adm'r, vs. Cresswell, et
al.*, 12 *G. & J.*, 36.   *Welch vs. Stewart*, 2 *Bl. Ch. Rep.*,
37.   *Post vs. Mackall.* 3 *Bl. Ch. Rep.*, 486.

The purchaser of over-due paper, takes it subject to all
the equities between the original parties relating to the
particular note, and the true test is, whether at the time
of the transfer the payee could have maintained an action
on the note.   *Sto. Prom. Notes, sec.* 178.   The same au-
thority shows, that the purchaser of over-due paper takes
it subject to all the equities between the original parties,
whether he had notice of those equities or not.   See, also, 5
*Sandford*, 157 and 163, *Pringle vs. Phillips*.   In *Annan
vs. Houck*, 4 *Gill*, 325, this Court recognized the rule that
the endorsee of over-due paper "is chargeable with notice
of all the circumstances under which the note was obtained
by the payee from the maker."   In the case of the *Mer-
chants Bank vs. The Farmers Bank of Va.*, which was
twice before this Court, (but is to be found only in manu-
script,) it was held, that the holder for full value of a
check on the Virginia Bank, marked "good," by its cash-
ier, when the drawer had no funds, could not recover on
the check, because having received it a few months after
date, it was subject to all equities as over-due paper.   In
*Renwick vs. Williams*, 2 *Md. Rep.*, 363, this Court say,
that accommodation notes constitute an exception to the
rule, "and in such a case the want of consideration cannot
be relied on, although the holder took it when over due."
But in that very case it is said, on page 364, that the en-
dorsee of over-due bills, takes them subject "to those equi-

ties, which are inherent in the note, and which would show it to have been void *ab initio,* such as fraud, mistake, &c." The new evidence taken since the remanding of the case fully establishes the fraud on the part of Barney, in obtaining Mrs. Chase's notes; for the exercise of undue influence is fraud. *Watkins vs. Stockett,* 6 *H. & J.,* 442. *Davis vs. Calvert, et al.,* 5 *G. & J.,* 269. The declarations of Barney, made before he passed the over-due notes to Banks, Berford and Renwick, are admissible against them, as purchasers of over-due paper. A *bona fide* holder for value, without notice, can only recover the amount actually received: *Sto. Prom. Notes, sec.* 197, *note.* 9 *Cranch,* 153, *Clark vs. Van Reimdysk.*

*St. Geo. W. Teackle* and *J. Malcolm,* for the appellees :

The decision of the Court of Appeals in 11 *Md. Rep.,* concludes the appellants as to the claims filed under the original commission, and also as to the principles there established. The exceptions taken to the testimony of Mary Barney, and the accompanying exhibits, are well taken. In the former case, in 11 *Md. Rep.,* this Court passed on the defences of undue influence, usury, antedating, fraud, &c., as to all claims filed under the original commission. See Act of 1785, ch. 72, sec. 21. The answers of Banks are binding on the complainants. 11 *Md. Rep.,* 233. There being no proof at all of usury, and the ante-dating of said notes in this case, those objections must be overruled. The plea of limitations cannot prevail as to the claims allowed by the former decision of the Court of Appeals ; for as to the said matters, the case has been adjudicated, and as to the claims filed by Banks since the remanding of this case, it is proven that he had them at the time of filing the bill of complaint, and the plea of limitations can only go, *if at all,* to the time of filing the bill, (and at that time they were not barred, the notes all

being notes at two years after date, and therefore would not be barred until August 1849,) and the bill was filed on the 29th of July 1848. *McDowell, et al., vs. Goldsmith*, 6 *Md. Rep.*, 319. *Strike's case*, 1 *Bl. Ch. Rep.*, 85, *note* as to limitations. The Act of 1832, sec. 6, permits further proceedings and further amendments and evidence upon *the merits*. The plea of limitations is not a plea, to *the merits*, and could not be put in under the mandate in this case. 1 *Gill*, 220; *Nelson vs. Bond.* After a party has taken his defence, in equity, he cannot set up the plea of limitations. There is, then, no plea of limitations to Renwick's or Elion's claim, and No. 4 is admitted to be proven by agreement filed. Banks is not a subsequent purchaser or creditor, and therefore the question of notice does not affect him. 11 *Md. Rep.*, 242 and 243. The appellants' objection to Banks' answer to the 5th interrogatory, is not well taken, and cannot be maintained, because he is required to state *why said notes, filed under the remanded commission, were not filed prior to the last appeal*, and the answer is therefore pertinent and responsive to the interrogatory, and gives the reason for not filing said notes ; and for the same reason the exhibits A and B, filed with the answers, are evidence as showing the facts stated in said answers to be true, and the answers to the said interrogatories are conclusive upon the appellants, under the Act of 1785, ch. 72, sec. 27, unless there is testimony to overrule the answers.

*Robert J. Brent*, for the appellants, in reply:

The answer of Banks to the 5th interrogatory was excepted to by the appellants, and the exception sustained by the Court below, and there having been no appeal taken by the complainants, his answer cannot now be considered by this Court. But if it were otherwise, we submit that our interrogatory was intended to discover facts known to

Banks, and that it did not seek a discovery of what others had told him of matters transpiring between them and Williams. · See *Clark vs. Van Reimdysk,* 9 *Cranch,* 153. 2 *Story's Eq.,* sec. 1529.

The second defence of the appellees' counsel, to our objections to the four new claims filed, rests upon the fact that Banks' bill, filed on the 29th of July 1848, represented that Mrs. Chase was largely indebted to Banks and Stewart, as maker and endorser of certain promissory notes, one of which he filed with his bill, marked D. B. B., No. 1, but which is exhibit No. 5. 11 *Md. Rep.,* 228. And their idea is, that such an allegation incorporates all the notes Banks then held, and when produced and proved at any time in the case, they became and were the causes of action incorporated in the bill, and, as such, were not barred by limitations at the date of its filing. And to support this proposition they rely upon the case of *McDowell vs. Goldsmith,* 6 *Md. Rep.,* 337 and 338. In that case, this Court held, that the claim of the complainant, described generally in the bill, was properly proved under the commission, and though not actually filed until proved, (some five years after the filing of the bill,) it was sustained against limitations, though pleaded in the answer. But our case is a very different one. The complainant, Banks, after alleging a general indebtedness on the part of Mrs. Chase, files with his bill one note, and confines his claims in the cause up to the first hearing, to that note, and to another marked exhibit No. 4, and he submitted the case for final decree upon these two notes alone. We claim that this was a clear waiver by Banks of the right to file these four new notes in this equity case, and moreover shows, in connection with the suit in the Circuit Court, that he had already elected to prosecute his claim thereon at law. The subsequent change of purpose, and filing them here, since the remanding of the cause, amounts to the filing of a new

claim, not meant to be included in the general language of his bill, and therefore it is wholly unlike the case in 6 Md. Rep., 337, and these new claims are subject to our exceptions on the ground of limitations, when filed.

The Act of 1832, directs the case, when remanded to be proceeded in as if no appeal had been taken in the cause, and the decree appealed from had not been passed, and we contend that limitations may also be pleaded. Brown vs. Somerville, 8 Md. Rep., 444. Thomas vs. Doub, 1 Md. Rep., 327. 6 G. & J., 29, Chalmers vs. Chalmers. There is no chancery rule that requires the plea of limitations to be filed within any particular time. No case can be found to the effect that the plea of limitations in equity, when properly filed, is not a plea to the merits. Both Banks and Renwick, not being bona fide holders of this paper, are subject to all the equities of manifest ante-dating, as well as of undue influence practiced by the endorser on the maker of the notes. On an inquiry into frauds such as these, the declarations of Mrs. Chase and of Barney, though made subsequently to the title of these appellees, are clearly admissible, because they are not bona fide holders. 6 Md. Rep., 338 and 344, McDowell, et al., vs. Goldsmith. 4 Gill, 331, Annan vs. Houck. In law, Banks is chargeable with constructive notice of the deed of trust recorded in 1844, and should not be heard to deny it. 6 Md. Rep., 235, Mayor & City Council of Baltimore vs. Williams. 11 Md. Rep., 250. 13 Md. Rep., 469, Cooke's Lessee vs. Kell, et al.

We suggest, in conclusion, that as the deed of trust is only void quoad certain creditors, and not in toto, the decree should allow us time to redeem our property by paying, as in cases of foreclosure of mortgage, the lien debt. Such course is far more equitable than the absolute sale decreed below.

BARTOL, J., delivered the opinion of this Court:

This case was before the Court of Appeals on a former occasion, and is reported in 11 *Md.*, 199. It was then remanded under the Act of 1832, ch. 302, and in conformity with the requirements of that Act, the opinion of the Court was pronounced on the several questions involved in that appeal, and presented by the record. By the terms of the Act, to which we have referred, the decision of the Court of Appeals thus pronounced, is made *"conclusive"* as to the points finally decided, and no error can be imputed to the Court below, if its subsequent proceedings have been in conformity with that decision. *Thomas vs. Doub*, 1 *Md. Rep.*, 252, 325. *Young vs. Frost*, 1 *Md. Rep.*, 377, 394.

This being the established law of the case, our first duty, in disposing of the present appeal, is to ascertain what has been already finally decided.

An examination of the former decision, has satisfied us that the following points have been conclusively settled:

1st. That the deed from Hannah K. Chase to Nathaniel Williams and Joseph B. Williams, dated the 2nd day of August 1844, to impeach which the bill was filed, was not fraudulent in fact, but was fraudulent in law, under the Statute of 13th of Elizabeth, as against *bona fide* creditors without notice, upon debts which existed antecedent to the date of the deed, and, as to such, it ought to be set aside.

2nd. That the following antecedent claims had been established, and were entitled to be paid from the property conveyed by the deed, viz:

H. C. Elion's note, dated 2nd July 1844, for $350.00
Mills'            "        "  30th    "     "     "   300.00
Renwick's        "        "   "       "     "     " 1,306.12
Banks' note, dated 30th July 1844, Exhibit
   D. B. B., No. 1 or No. 5,        -        -    2,000.00
See 11 *Md. Rep.*, 243.

The grounds upon which the Court proceeded in its decision upon these claims, are not now open for examination, and therefore we cannot entertain the inquiry whether there was error, in declaring the claim of Elion to be proved, as has been alleged by the appellant. This conclusion, in our opinion, results from the provisions of the Act of 1832, and is in accordance with the uniform course of decisions in this State. It is unnecessary for us to express any opinion upon the question, whether it was competent for the appellants, after the cause was remanded, to interpose new objections, and offer new proof to impeach the claims passed upon by the Court of Appeals; or to decide how far the decision before pronounced would be binding, if by further pleading and additional evidence, the claims were presented in a new and changed aspect; because in the case before us, the claims of which we have spoken, stand now, as they stood on the former appeal, the proof not being in our opinion materially altered.

To the claim of Renwick, the plea of the statute of limitations has been made, for the first time, after the cause was remanded; but in any view of the question, that plea could not be considered, having been made too late. See 1 *Bland*, 85, *note c.*  2 *Id.*, 42, 43.

For the reasons stated, we think there was no error in the decree below, in allowing the several claims which we have before enumerated.

We now proceed to notice those parts of the decree of the Circuit Court, by which other and additional claims of the complainant, Banks, have been allowed. These consist of four notes, marked respectively "D. B. B., Nos. 1, 2, 3, 4," filed since the cause was remanded; and one note marked "Exhibit No. 4," which had before been filed, but was disallowed by this Court on the former appeal, the same not then being proved. (11 *Md. Rep.*, 229.)

To the four notes first named, the appellants have interposed several objections:

1st. That they were ante-dated.

2nd. That they were obtained fraudulently by the complainant, Banks.

3rd. That they were obtained by him usuriously.

4th. That they are barred by the statute of limitations.

With reference to the first two of these objections, it is sufficient to say, that, in our opinion, they are not sustained by the proof in the cause. At the former trial in this Court, the same objections were made to the several claims then passed upon by the Court of Appeals, and it was ruled, after a full examination of the testimony, that there was not sufficient proof to establish the alleged ante-dating; (11 *Md. Rep.*, 232;) or to show any knowledge or participation by the endorsees, in any "fraud or imposition or undue influence," alleged to have been practiced upon Mrs. Chase by William Chase Barney, in obtaining the notes; (11 *Md. Rep.*, 237, 238.) On these questions the proof before us is not materially altered from what it was on the former appeal, and we concur in the opinion then announced, on the effect of the evidence. In deciding upon these two objections, we have excluded from our consideration that part of the testimony of Mrs. Mary Barney which relates to conversations between herself and William Chase Barney, and have also excluded the letters of William Chase Barney, filed with Mrs. Mary Barney's testimony, under the remanded commission. The exceptions thereto by the appellees, being in our opinion well taken.

3. On the former appeal the appellants relied on the plea of usury, to the claim of Banks on the note marked ("Exhibit 1 or 5,") and the Court said, (11 *Md. Rep.*, 235, 236,) "that the affirmative of this charge, by the defendants, rests upon them, under the Act of 1845, and they have not sustained it by evidence, which can enable the Court to decide that less than the nominal amount of the

note was paid for it, and *how much less*, so that under the 3rd section of the Act, the Court may ascertain the amount really due, and decree accordingly."

These observations are equally applicable to the defence of usury now urged by the appellants, to the four notes of Banks, of which we are speaking. The *onus* imposed on the appellants, by the Act of 1835, ch. 352, still rests upon them. See *Bandel vs. Isaac*, 13 *Md. Rep.*, 202.

And we are compelled to say that the evidence relied on by the appellants, does not gratify the requirements of the law. For although the inference from the answer of Banks to the 3rd interrogatory may fairly be drawn, that he obtained these notes for less than their nominal amount, yet there is nothing from which the Court can ascertain how much less was paid by him, and the *onus* of showing the amount really due was on the appellants.

Under these circumstances, we are of the opinion, that the objection of the appellants on the ground of usury has not been sustained.

4th. In disposing of the objection on the ground of limitations, it is necessary for us to recur to the pleadings in the cause:

The bill is in its nature a creditor's bill, filed originally by Banks and Stewart, and alleges "that Hannah Kitty Chase, was in her lifetime largely indebted unto your orators, Daniel B. Banks and John Stewart, as maker and endorser of *certain promissory notes*," and then proceeds to name and describe *one of those notes*, which is exhibited with the bill, marked "Exhibit D. B. B., No. 1." The respondents, Nathaniel and Joseph B. Williams, in their answer, make defence against "*any note* or *notes of hers*," held by the complainants or either of them.

By our construction of the allegations in the bill, and the answers, any promissory notes which were held by Banks at the time the bill was filed, are embraced within

its allegations.   The proof in the cause shows that the four notes filed by Banks under the remanded commission, were all held by him at the time the bill was filed; and as none of them were then barred by limitations, this objection must be overruled, and in our opinion, the decree below ought to be affirmed so far as it allows those four claims.

We now pass to the consideration of the claim filed under the first commission, marked (Exhibit No. 4.)   On the former appeal it was decided that this claim was without proof to sustain it, and it again comes before us for examination, upon the new and additional proof since offered.   We have carefully considered that proof, and are of opinion that it has not been established.   A brief reference to the testimony, on which the appellee relies, will show that this claim has been erroneously allowed in the decree below.   The witness, Cockey, does not prove it, he speaks only of the four promissory notes, "D. B. B., Nos. 1, 2, 3, 4," filed for the first time under the remanded commission.   The witness, Bowen, in his first examination, speaks only of the same four notes, and in his second examination testifies only with regard to "Complainants' Exhibit No. 3, and Complainants' Exhibit No. 5," filed under the first commission.

Banks' answer to the third interrogatory, setting out a list of the notes held by him at the time of filing his bill, refers to this note, but does not establish it as genuine; nor does exhibit No. 5, filed under the remanded commission, and the proof of the same being in William Chase Barney's handwriting, furnish any evidence of the genuineness of the note to which the assignment refers.   In our opinion, the objections of the appellants to the admissibility in evidence of the transcript of proceedings in the Superior Court, in the case of "Berford vs. Nathaniel Williams and Joseph B. Williams, executors of Hannah

K. Chase," was well taken, and ought to be sustained. And we think there was error in the decree below, in allowing this claim, "Exhibit No. 4,"—and the decree in that respect ought to be reversed.

We concur in the ruling of the Circuit Court, upon the exceptions of the appellants, to the admissibility in evidence of that part of Banks' answer to the 5th interrogatory, in which he speaks of the declarations made to him by his counsel, David Stewart, as to any agreement made with Williams. A decree will be signed in conformity with the foregoing opinion, affirming the decree below in part, and reversing it in part; and remanding the cause in order that this decree and the decree of the Circuit Court, so far as the same is affirmed, may be executed, and to afford the complainant, Banks, an opportunity of giving further proof of "Claim No. 4."

*Decree affirmed in part and reversed in part,*
*and cause remanded.*

(Decided November 13th, 1862.)