ROBERT HALL, THOMAS W. ATKINSON, and others, *vs.* JOHN R. RIDGELY and Wife, and others.

*Creditors' Bill — Plea of the Statute of Limitations.*

On a creditors' bill filed to vacate certain deeds executed by the debtor in fraud of existing creditors a decree was passed on the 22d of June, 1867, vacating the deeds as against the complainants and all other creditors of the debtor who were such on or prior to the 2d of May, 1861, and directing the property, or so much thereof as might be necessary to pay their claims, to be sold for that purpose. The trustee was directed to give the usual notice to such creditors. In consideration of the withdrawal of an appeal which had been taken by the debtor and others from this decree, certain judgment creditors, parties to the suit, agreed to accept the amount of their respective judgments without interest, to be paid out of the proceeds of a designated portion of the debtor's property; and on payment thereof the decree was to be entered satisfied. The specified portion of the property was sold by the trustee, and an account stated distributing the entire proceeds, together with other money which had been received by the trustee, to the discharge of the claims of these creditors. On the 18th of April, 1868, the account was finally ratified. On the 9th of March, 1868, certain creditors who were not named as complainants in the bill, filed their claims which existed prior to the 2d of May, 1861, and which were barred by limitations long before they were filed. On the 1st of May, 1869, the debtor and others filed their petition, pleading the Statute of Limitations as a bar to each of these claims. The claimants objected to the plea, that it was taken too late. HELD:

That the Statute was pleaded in due time and at the proper stage of the cause.

APPEAL from the Circuit Court of Baltimore City.

The case is very fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*Alexander H. Hobbs*, for the appellants.

*Frederick W. Brune,* for the appellees.

MILLER, J., delivered the opinion of the Court.

A creditors' bill in the usual form was filed to vacate certain deeds, executed by John R. Ridgely, in fraud as alleged of existing creditors; which, after much litigation, resulted in a decree, dated June 22d, 1867, vacating the deeds as against the complainants and all other creditors of Ridgely, who were such on or prior to the 2d of May, 1861, the date of the first of the assailed deeds, who may come in and make themselves parties to the suit, and directing the property thereby conveyed or so much thereof as might be necessary to pay their claims, to be sold for that purpose. The decree contained the usual direction to the trustee to give notice to such creditors to file their claims. The defendants, Ridgely and others, having taken an appeal from this decree, entered into an agreement with certain judgment creditors, then parties to the suit, by which they agreed to withdraw their appeal and the creditors to accept the amount of their respective judgments without interest, to be paid out of the proceeds of a designated portion of the property; and on payment thereof the decree was to be entered satisfied. The specified portion of the property was sold by the trustee and an account stated, distributing the entire amount of proceeds with other money which had come to the hands of the trustee, to the discharge of the claims of these creditors. All the claims allowed by this account which was finally ratified on the 18th of April, 1868, appear to have been paid. On the 9th of March, 1868, the appellants who were not named as complainants in the bill, filed certain claims on promissory notes existing prior to the 2d of May, 1861, all of which were barred by limitations long prior to the time they were filed. No notice was taken of them by the auditor in the account which was ratified, or by any of the defendants until May, 1869, when, on notice from the trustee that he would proceed to sell other property to pay them, the defendants filed petitions in which they pleaded and relied upon the Statute of Limitations as a bar to each and every of these claims, and

asking the decree should be entered satisfied in accordance with the agreement referred to, and the trustee discharged from further execution of the trust. The Court decided the petitioners were entitled to the benefit of the defense of limitations as against these claims, and referred the case to the auditor to state a final account disposing of the case. The auditor accordingly reported there were no claims filed to which the Statute was not a bar, and that there was no other account to be stated in the case. Upon this report an order was passed ratifying it and discharging the trustee. From that order the claimants who filed their aforesaid claims on the 9th of March, 1868, have appealed, and the sole question for our consideration is, was the Statute pleaded and relied upon in due time as against these claims?

The sole objection made by the appellants is, that as the defense was not interposed until more than a year after the claims were filed, it came too late. It is perfectly well settled, that in a creditors' suit of this character, any creditor not named as complainant in the bill, may come in after institution of the suit and make himself a party thereto, by simply filing the voucher of his claim with the clerk, and as against any claim so filed the Statute runs down to the time it was thus filed, that being regarded as the time of commencement of the suit with respect to such claim. To a claim thus filed, any party interested in contesting it may rely upon limitations in the same summary and informal manner in which the claim itself was presented, by a short note in any form without oath, stating in substance that he relies upon the bar of the Statute. *Carroll vs. Waring, et al.*, 3 *G. & J.*, 494. As a general rule he may present this defense at any time after the claim has been filed, either before the case has gone to the auditor or after he has made a report upon it, or by way of exception to an account allowing it, (*Welch vs. Stewart*, 2 *Bland*, 42; *McDowell vs. Goldsmith*, 24 *Md.*, 219,) unless he has done some act, or stands by and suffers some act to be done which necessarily implies a waiver

of that defense on his part, as for instance he cannot first contest such claim on its merits and then afterwards plead limitations to it; (*McMachen vs. Chase*, 1 *Bland*, 85, *note c*, and 2 *Bland*, 43,) or where an original complainant presents his claim with his bill, and the defendant in his answer denies its existence, but does not plead limitations thereto, he cannot after the case has been contested on the ground of the existence of the claim, rely upon the Statute by way of exception to the audit which allows it, (*Brendel vs. Strobel*, 25 *Md.*, 400,) and so where on appeal a claim has been allowed by this Court and the cause remanded for further proceedings, it is too late then to plead the Statute to such claim. *Williams vs. Banks*, 19 *Md.*, 22. The present case comes within the general rule. These claims had not been reported or acted upon by the auditor, there were no funds in Court applicable to their payment, they had never been contested on other grounds, and the first time they are met, and the first defence taken to them was the plea of the Statute. Even if the trustee had proceeded to sell other property and the funds had been brought in for distribution, it is clear, limitations could have been availed of by an exception to an account, distributing the proceeds to their satisfaction, and *a fortiori* could such defense be made before the property was sold. We are clearly satisfied the plea was interposed in due season and at the proper stage of the cause. The order appealed from must therefore be affirmed.

*Order affirmed.*

(Decided 15th November, 1870.)