# CIRCUIT COURT OF BALTIMORE CITY

Filed July 10, 1890.

GEMMEL, ETC.,
VS.
BRYDON, ETC.

*W. Irvine Cross* and *Wm. L. Marbury* for plaintiffs.

*John P. Poe* for Mr. Brydon and *Wm. Pinkney Whyte* for Mr. Henry G. Davis.

DUFFY, J.—

1st. As to the fees of Poe, Walsh and Carter.—These gentlemen were employed by Brydon to prosecute the case against the B. & O. R. R. and were to be paid for their services contingent fees out of the sum recovered. The contract upon which the suit was brought was made in the name of Brydon and allowed to remain in his name with the assent of Gemmel & Sinclair, who knew of the employment of these counsel by Brydon, had interviews as witnesses with them and never made any objection to their employment. While it is true that the putting of the contract in his own name was a fraud by Brydon upon the plaintiffs and that their assent thereto was obtained equally by his fraud, yet there is no intimation that the counsel had any notice of such fraud. They rendered the services which made this fund upon the faith of Brydon's ownership of the contract and these services having redounded to complainant's advantage they cannot now deprive these counsel of their right to be paid out of the fund recovered according to their contract.

2d. As to fees of Cross and Marbury—While the other counsel created this fund, these gentlemen saved it from destruction, the labor performed by them has been simply immense, largely done, too, under the eyes of the Court, and the objection that their claim of $20,000 is excessive is not well founded; nor can the Court appreciate the further objection that Brydon's share of the fund should not contribute because the taking of the fund from him was against his interest, and not for it. This would be to take advantage of his own wrong.

3d. As to Davis' claim under Gouverneur decree.—This is a mortgage debt due under the mortgage for $3,-600 given by Brydon to Gouverneur. Davis is the assignee of Gouverneur, the mortgagee; the N. B. Co. is the assignee by mesne assignment from Brydon, the mortgagor. When the property was purchased by Brydon and the mortgage made, or at the organizing of the N. B. Co., it was agreed between Brydon and Gemmel who owned all the stock of the companies, that they would assume the mortgage debt, and such an agreement, if made upon the division of the stock between them or upon any other valuable consideration, would be binding as between them, but it would give no personal claim against them to the mortgagee, who was no party to that agreement. Nor does the fact that this fund represents coal taken from the mine and diminishing its security to the mortgagee, avail to his benefit, seeing that it was done with his assent under a fraudulent effort to cheat the company of which Davis had notice and in the profits of which he was to participate. Nor can Brydon ask for its enforcement in order to relieve his private property from the lien of the mortgage, seeing that in the matter of the acceptances and other indebtedness he is indebted to Gemmel & Sinclair in an amount at least equal to their proportion of said mortgage debt.

4th. Davis & Co. file a claim for money advanced by them for costs and expenses in obtaining the judgment. Now it has been determined in this case that they had notice that the contract on which the judgment was obtained and which was assigned by Brydon to them was the property of the N. B. Co. They took the assignment for the purpose of applying the proceeds to their own purposes, and these costs and expenses are the outlay in endeavoring to effect that object. Now as a mala fide possessor of land it is not allowed to claim for improvement put by him on the land (Strike's case, 1 Bland 80), neither can the mala fide possessor of this contract claim for his expenses in the recovery of the money due on it.

5th. Wm. A. Brydon has filed a claim for moneys alleged to be due him by the N. B. Co., and this claim depends upon Brydon's own testimony for its allowance—this testimony is not satisfactory to the Court and his claim is disallowed.

6th. To a number of claims filed the complainants plead limitations; the defendants object on the ground that the plea can be made only by the N. B. Co., the debtor.

The defendants contend that after the payment of the creditors of the N. B. Co. the Court must order the bal-

ance of the fund to be paid over to the company, and not divide it amongst the stockholders. Here is a corporation that has had no meeting of stockholders or directors for fourteen years; a corporation in which the president holds the majority of the stock, and has entire control of the body; a corporation in which such president has been convicted of endeavoring to defraud the minority stockholders out of the very fund which he now claims should be delivered by this Court to the corporation, that is to himself; the Court believing that upon such delivery he will appropriate the fund to his own use. It seems to me that the mere statement of the proposition is its own answer. As the Court cannot deliver the fund to the corporation, the whole fund is here to be distributed amongst the creditors and all others entitled thereto. Now where a fund is in Court for distribution any claimant may plead the statute of limitations to every other claim. 1 Bland, 91-94, 33 Md. 310. The plea is sustained as against the claims of Susie J. Brydon, The National Bank of Piedmont, of Davis for taxes, of Edward R. Brydon, Hyde, Parsons, Clipstine, Shaey, Dixon, Crowell and Fredlock.

7th. As to the mortgage claim of the Hampshire Co. the defendants say 1st, that there ought to be deducted therefrom a claim of the N. B. Co. against the Hampshire Co. for certain mining cars, and 2d, that as a suit to foreclose their mortgage is now pending in another Court, the claim of the Hampshire at least be suspended until the foreclosure suit is determined. As to the 1st objection the Court finds that any such claim of the N. B. Co. is unfounded, and as to the second it says that a mortgagee can pursue all his remedies at law and in equity at the same time. 2 Md., Ch. Dec. 323.

8th. Account A, with the exception of its not allowing the fees with interest of Messrs. Walsh, Poe & Carter as set forth in Account C, is correct in principle. And the auditor is instructed to restate an account in the manner of Account A, except that in the restated account said fees and interest shall be allowed as a first lien on the fund.