KING *vs.* MADDUX's Ex'r.—June, 1824 *(a.)*

Proof that the articles charged in the day book of the plaintiff were in the handwriting of a clerk of the plaintiff, who was dead, admitted as proper and competent evidence.

The defendant cannot claim an entry in the day book of the plaintiff as evidence of a credit, without all entries on said book, in which the defendant is debited, going to the jury as evidence.

APPEAL from *Somerset* County Court. *Assumpsit* for goods sold and delivered, and articles properly chargeable in account, as by account filed. Plea, *non assumpsit.*

1. At the trial the plaintiff, (now appellee) produced the day book of his testator, and offered evidence to prove that *The*

*(a)* This case was omitted to be published in its proper place.

*mas Gilliss,* who had been a clerk of the testator, was dead, and that a number of the articles charged in the account of the plaintiff against the defendant, (the appellant,) were in the handwriting of *Gilliss.* To the admission of this evidence the defendant objected; but the Court, [*Robins* and *Whittington,* A. J.] overruled the objection, and admitted the evidence as proper and competent. The defendant excepted.

2. The defendant then claimed the benefit of, and credit for, an entry made on the said day book, and proved to be in the handwriting of the plaintiff's testator, for ten cords of wood at $2 50 per cord, credited to the defendant in said book the 16th of December 1818. But the court were of opinion that the defendant could not claim the said entry as evidence of said credit, without all entries in the handwriting of the plaintiff's testator on said book, in which the defendant was debited, also going to the jury as evidence to prove the charges entered at other times than the day of the entry of said credit. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE and STEPHEN, J. by

*T. Bayly,* for the Appellant, and by
*Wilson,* for the Appellee.

JUDGMENT AFFIRMED.