CONRAD RÖMER *vs.* TH. JAECKSCH, surviving partner of H. CAMPEN & Co.

*Evidence—Entries by party inadmissible to prove Debt—Act of 1864, ch. 109.*

Entries made in the course of business by a deceased partner are not admissible in evidence on suit by the surviving partner against a debtor of the firm.

This rule is not altered by the Act of 1864, ch. 109.

APPEAL from the Superior Court of Baltimore City.

The facts are stated in the opinion of the Court.

The case was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Isidor Rayner,* for the appellant.

The entries are *hearsay* evidence; and do not come within the exceptions to the common law rule rejecting hearsay evidence. *Greenleaf's Ev.* (12 *Edit.*,) secs. 147 *and* 148.

Such entries are not evidence in Maryland. They were not evidence at common law, and they only became so in some States of the Union by reason of a local custom, which our Courts have repeatedly held does not prevail here. *Owings & Piet vs. Low,* 5 *G. & J.*, 145 ; *Atwell vs. Miller & Mayhew,* 6 *Md.*, 10 ; *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 140 ; *Hagan vs. Hendry,* 18 *Md.*, 190 ; *Bland, Admr. vs. Warren and Wife,* 65 *N. C., Rep.*, 372 ; *De Camp, et al. vs. Vandagrift,* 4 *Blackf.* (*Ind.*) *Rep.*, 272 ; *Knight vs. Marquess of Waterford,* 4 *Y. & Coll.*, 294.

The common law of Maryland, in reference to this subject, has not been changed or in any wise affected by the Act of 1864, ch. 109, and the Act cannot be made to apply to any class of cases, except that of witnesses testifying under oath and subject to the test of cross-examination. *Friend, et al. vs. Hamill,* 34 *Md.*, 307 ; *Ward vs. Leitch, Exr.*, 30 *Md.*, 337 ; *Purchase vs. Mattison,* 2 *Robertson (Sup. Ct.) N. Y. Rep.*, 78 ; *Jackson vs. Evans,* 8 *Mich.*, 477 ; *Hissrick vs. McPherson,* 20 *Missouri,* 310 ; *New York Code,* 1859, *ch. VII,* secs. 398, 399 ; *Revised Statutes of Michigan,* (1846,) *ch.* 102, *sec.* 99 ; *Revised Statute of Missouri,* (1855,) *ch.* 168, *sec.* 1 ; *Conklin vs. Stambler,* 2 *Hilton,* (*N. Y. Com. Pleas.*,) 422.

*D. Greenbaum,* for the appellee.

The order or sale books were admissible in evidence.

Entries not against the interest of the party making them are now admissible. *Sup. Md. Code, Art.* 37—*Act of* 1864, *ch.* 109, *sec.* 1.

If prior to the Act of 1864 the entries of a deceased clerk were admissible, then by this Act the entries of a

deceased partner are admissible, *cessante ratione cessat lex.* *Reynolds vs. Manning, &c.,* 15 *Md.,* 510 ; *King vs. Maddux,* 7 *H. & J.,* 467 ; *Clark vs. Magruder,* 2 *H. & J.,* 77 ; *Price vs. Torrington,* 1 *Smith's Lead. Cases,* (6th *Am. Ed.,*) 390, 391.

The entries are admissible because they contain entries of payments against the interest of the party making them.  1 *Green. Ev.,* secs. 147 *and* 152 ; *Higham vs. Ridgway,* 2 *Smith's Lead. Cases, marg. page* 330, 6th *Am. Ed.* ; *Williams vs. Geaves,* 8 *C. & P.,* 592; *Davies vs. Humphreys,* 6 *Mees. & Wels.,* 153 ; *Rowe vs. Brenton,* 3 *Man. & R.,* 267 ; *Doe vs. Robson,* 15 *East,* 32 ; *Doe vs. Tyler,* 4 *M. & P.,* 377.

They are admissible because made in the ordinary course of business, and contemporaneously with the sale and delivery as being part of the *res gestæ,* though not against the interest of the party making them.  1 *Green. Ev.,* secs 120, 149 ; *Price vs. Torrington,* 1 *Smith's Lead. Cas.,* (6th *Am. Ed* ,) 391, 398 ; *Doe vs. Durford,* 3 *B. & Ad.,* 898 ; *Curren vs. Crawford,* 4 *S. & Rawle,* 5.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellee for goods bargained and sold to the appellant, and upon an account stated.

The account filed with the *narr.* charges the appellant in account with H. Campen & Co. with several lots of merchandise, principally flour, at different dates from October 3rd, 1871, to July 22nd, 1872, amounting in all to $916.25.  The same account contains several credits for cash on different days from February 5th, till July 10th, 1872, leaving a balance due Campen & Co. at the date of the last charge of $250.25.

To prove the sale and delivery of the goods charged, the appellee was called as a witness, and produced a book, called the "order book" of the firm, which contained

entries made by Campen, his deceased partner, charging the appellant with the merchandise sued for in this case. He testified that "whenever the said Campen sold flour for the firm, he Campen was in the habit of entering the same upon an order book kept by the firm, and that the firm always engaged to deliver the flour that it sold, and also that he knew it to be the custom of Campen to make such entries in the course of business, at the time the flour left the store of the firm, in its wagons, on the way to the place of delivery." (The order book contained entries of sales corresponding with those set forth in the account filed with the declaration, and also entries of payments for all such sales, except the *first, second and last*, being those of October 3rd, and November 8th, 1871, and July 22nd, 1872,) which the witness testified were in the hand-writing of Campen. To the admissibility of these entries, the appellant objected; but the Superior Court overruled the objection, and allowed the same to be read to the jury as evidence, "for the purpose of establishing the sale and delivery of flour, as charged in the *first, second and last* items in the account." The appellant excepted, and the correctness of this ruling is the only question presented by the present appeal. It has been contended on the part of the appellee that the entries are admissible evidence, because they were made in the ordinary course of business and contemporaneously with the transaction; and for this is cited 1 *Greenleaf on Evidence*, secs. 120 & 149; *Price vs. Torrington*, 1 *Smith's L. Cases*, (4th *Am. Ed.*,) 139m *and notes*, and *Doe vs. Durford*, 3 *B. & Ad.*, 898.

But those authorities refer to entries made by a clerk, agent, or attorney, or other disinterested person; when so made, they have been held in Maryland as admissible evidence.

In 15 *Md.*, 523, it was said: The rule is well settled "that entries made by a clerk in the regular course of

business, he having no interest at the time in stating an untruth, are admissible in evidence after the clerk's death. *Reynolds vs. Manning, et al.*, 15 *Md.*, 510, 523 ; *Clarke vs. Magruder*, 2 *H. & J.*, 77 ; *King vs. Maddux*, 7 *H. & J.*, 467.

The admission of such evidence is one of the recognized exceptions to the general rule excluding hearsay testimony.

In *Taylor on Evidence, vol.* 1, *sec.* 640, the learned author thus states the result of the decisions in England on this subject:

"From the cases cited above, it may be collected, that in order to bring a declaration within the present exception, proof must be given that it was made contemporaneously with the fact which it narrates, and in the usual routine of business, by a person whose duty it was to make the whole of it, who was himself personally acquainted with the fact, who had no interest in stating an untruth, and who is since dead."

In 1 *Greenleaf on Evidence, sec.* 118, it is said : "In the United States this principle has been carried farther, and extended *to entries made by the party himself in his shopbooks,*" and for this a number of decisions are cited in the *note;* but this extension of the doctrine has not been sanctioned in Maryland.

In this State the rule of the common law has not been departed from, and it has been held to apply only to entries made by a clerk, or other disinterested party ; here the entries in question are those made by the deceased partner, a party to the transaction, having a direct interest in the subject-matter, and, therefore, not within the rule above stated.

*In Owings & Piet vs. Low*, 5 *G. & J.*, 134, 142, where it was attempted to prove an account by entries made by the plaintiffs themselves in the regular course of business ; Judge DORSEY said, "The cases referred to from

New York, in which, by a local usage, the books of accounts kept by creditors themselves, who are proved to have been of fair character and correct in their dealings, are sufficient evidence before a jury to establish such accounts; it cannot be necessary to remark are of no authority in this State, where such usage not only never existed, but is at war with all the Acts of our Legislature in relation to proving accounts, and the uniform decisions of our Courts of Justice upon the subject."

The same point was decided in *Atwell vs. Miller & Mayhew*, 6 *Md.*, 10. The entries made by a deceased partner stand on the footing of declarations made by a party in his own favor, and therefore inadmissible. In *Whiteford vs. Burckmyer & Adams*, 1 *Gill*, 140, the Court say "It is an unbending rule of evidence, subject to very few and well defined exceptions, that a party cannot offer in evidence his own declarations in relation to the subject in controversy."

The counsel for the appellee has argued that these entries are admissible, because they were against the interest of the party making them. That is to say, as the account contains entries of cash received by Campen & Co., which are at variance with their interest, it is contended that the whole account including the charges, is admissible. But no case has been cited which supports this position. Here the charges and credits are wholly independent of each other; the whole object of the testimony is to prove the sale and delivery of the flour charged in the *first, second* and *last* items of the account, and thus to establish the indebtedness of the appellant for the amount of those items. No argument is required to show that such testimony does not fall within the exception, under which entries made by a party against his own interest are held to be admissible in evidence. The rule on this subject is thus clearly laid down in 1 *Taylor's Ev.*, sec. 613.

"It must not be supposed from the preceding cases, that because a document contains entries against interest, it will be admissible in proof of *independent matters*, which appear as separate items unconnected with such entries, and which consequently need not be read in order to explain them. Such is not the law ; and whatever doubts might once have been entertained on the subject, it is now finally determined, that if an account be rendered by a steward containing on one side items charging himself with the receipt of moneys, and on the other side items discharging him by showing how the moneys received had been disbursed, the discharging entries will not be admissible in evidence, unless they are necessary to explain the charging entries, or are expressly referred to in them."

This position is supported by *Doe vs. Beviss*, (decided in the Common Pleas in 1849,) 62 *Eng. C. L. R.*, 456, 509, 512, 514, and by *Knight vs. Waterford*, (*in the Q. B.*, 1840,) 4 *Y. & C.*, 283, 294.

Upon the authorities before cited, it seems to us very clear that the entries in the "order book" of the plaintiff were inadmissible; unless the rule of the Common Law has been changed by the *Act of* 1864, *ch.* 109.

That Act renders all parties competent witnesses without regard to their interest in the matter in question.

In our judgment, the Act cannot be construed as applying to any cases, "except those of witnesses testifying under oath, and subject to the test of cross-examination." In other respects, it does not operate to change the rules of evidence at the Common Law, as was decided in *Ward vs. Leitch*, 30 *Md.*, 227, and *Friend vs. Hamill*, 33 *Md.*, 299, 307.

Being of opinion that the Superior Court erred in admitting in evidence, the entries in the "order book" of the plaintiff for the purpose stated in the bill of

exceptions, the judgment must be reversed and a new trial ordered.

*Judgment reversed, and*
*new trial ordered.*

(Decided 3rd March, 1874.)