# EDWIN M. WILMER *vs.* SUSAN E. PLACIDE.

## SAME *vs.* SAME.

*Bill for accounting : time for filing ; extension of—. Commissions : waiver. Limitations : waiver. Evidence : entries in books.*

On a bill for an accounting where the right to claim commissions had been waived and had not been raised below, the claim can not be considered on appeal.                    p. 52

When the time for the filing of an auditor's account had been duly extended by the Court, objection can not be made on appeal that the account had not been filed on the date of the original order.                    p. 52

The defense of limitations is lost if the defendant before pleading or relying upon it does some act, or stands by and suffers some act to be done, which necessarily implies a waiver of such defense on his part.                    pp. 53-54

Where a complainant presents his claim with a bill, and the defendant in his answer denies its existence, but does not plead limitations thereto, he can not after the case has been contested on the ground of the existence of the claim, rely upon the statute by way of exception to the audit which allows it.                    p. 54

Entries made by a party himself charging another, are not admissible as evidence *per se.*                    p. 55

Such entries, however, are admissible when to be used merely for the purpose of refreshing the memory of a witness                    p. 55

*Decided December 7th, 1912.*

Two appeals from the Circuit Court for Baltimore City (HEUISLER, J.).

The facts are stated in the opinion of the Court.

The two causes were argued together before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and · STOCKBRIDGE, JJ.

*David Ash*, for the appellant.

*John L. Sanford* and *Chas. F. Stein*, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court of Baltimore City finally ratifying and confirming an auditor's report and account made under an order or decree of said Court previously passed on the 27th day of October, 1911. The order directing the accounting, in which the auditor was specifically directed as to how the account should be stated, was before this Court for review at the April Term, 1912 (*Wilmer v. Placide*), and was by it affirmed.

The record contains twenty-five exceptions to the ratification of the auditor's report. Some of these exceptions are as follows:

*First.* To the exclusion of interest on the mortgage debt after the assignment of the same to the defendant.

*Second.* To the exclusion of amounts said to have been paid by the defendant as interest on the mortgage debt before the assignment to him.

*Third.* To the exclusion of commissions to the defendant on money collected and disbursed by him for and on behalf of the plaintiff.

*Fourth.* To the filing of the account after the day named in the decree for the filing of it.

*Fifth.* To certain items of the account to which the plea of limitations had been filed by the defendant with the auditor.

*Sixth.* To the failure of the auditor to allow to the defendant certain credits to which he claims to be entitled in his account with the plaintiff for money of hers paid to him from the estate of Jennings Placide.

*Seventh.* To the charges against the defendant for taxes and water rents on property known as 1001 E. Pratt Street, and to the allowance of costs to the plaintiff that were paid by the defendant to the auditor, amounting to $144.80.

In respect to the first and second exceptions the Court below in its order or decree of October 27th, 1911, which as we have said was affirmed by this Court, directed the auditor in stating his account to charge the plaintiff only with the amount owing on the principal of said mortgage, to wit, the sum of $3,959.29, and cost of recording, $4.25, but that she should not be charged with any interest thereon. The reason for the non-allowance of interest is fully stated or given in the opinion of this Court in the former case in the affirmance of the order of the Court below.

The commissions claimed by the defendant are upon money collected and disbursed by him belonging to the plaintiff, as shown by the exhibits or books C 1 to C 9, inclusive. This money so collected was for the rent of properties belonging to the plaintiff, and in these exhibits or statements he charged himself with the money so collected and credited himself with the disbursements made by him for repairs and expenses in connection therewith. In these statements he also credited himself with and retained certain amounts therein shown for the board of plaintiff. The Court below in its decree, affirmed by this Court, in respect to these statements and exhibits, directed that the auditor should credit the plaintiff with the sum shown by said books to have been charged against her as board, and in stating his account from the credits and debits in said books he should be confined to the entries therein.

In these statements, as we have said, made out by the
defendant himself, no credits were given him for commis-
sions, nor do we find by careful examination of the record
where any commissions were ever asked for or claimed by
the defendant prior to the passage of the decree appealed
from in the former case, and in which no commissions were
allowed. And in his letter of November 4th, 1910, to the
plaintiff, he writes: "Herewith I hand you your pass books
of account (said exhibits or statements) from No. 1 to 9,
inclusive, covering your property collections and personal
accounts with myself to November 2nd, 1910. You will
notice I have neither charged you the usual commissions for
collections and services nor for payments and disburse-
ments."

Commissions not being asked for, but in fact waived, as
disclosed by this letter, they were not considered or passed
upon by the Court below, and it was not until the case reached
this Court that anything was said as to the commissions; it
was then found in the brief of the appellant. As we have
said, no commissions were to be allowed by the order of the
Court of October 27th, 1911, and therefore none were al-
lowed by the auditor in stating his account.

As to the fourth exception, as we have designated it, the
appellant complains of the fact that the account was not filed
upon the day on which the order directed it to be filed. It
is true it was not, but it is disclosed by the order of the
Court, finally ratifying the account, that the time in which
it should have been filed, as stated in the first order, had been
extended by the Court. We discover no force in this excep-
tion.

As to the fifth exception stated above, the plaintiff in her
bill charged that the defendant was in control of certain of
her properties and had collected rents therefor since about
the year 1891, and had also during that time collected other
money, for which he had not accounted to her, athough "he
had handed her partial and pretended statements of her

accounts, which she alleged were false and incomplete." In his answer thereto the defendant admitted having collected said money during this long period of time, but alleged that he had paid and accounted to her for all such money. The Act of Limitations was not pleaded and relied upon in his answer in bar to her right to recover any of the rents and profits or other money belonging to her therein admitted to have been collected or received by him.

Upon the filing of the answer and replication thereto, these books or statements were filed and much testimony was offered by the defendant in support of the credits therein found, by which he contended that the indebtedness to the plaintiff had been paid and satisfied. In adtition to these statements the defendant filed his Exhibit No. 10, in which he charges himself with amounts, that were distributed from the estate of Jennings Placide to the plaintiff and collected by the defendant. In this last exhibit or statement the defendant credits himself with certain items or amounts said to have been paid out of this fund to the plaintiff and offered evidence to sustain said credits, but the Statute of Limitations was not relied upon, nor was it even suggested as a bar to the plaintiff's right to recover the balance of said money held by him, although the dates upon which the payments were made to him, January 11th, 1898, and November 9th, 1899, are fully set out in the said statement rendered by him; and not until after the credits claimed by him in these statements had been considered and passed upon by the Court below, and not until after the Court by its order of October 27th, 1911, had directed the manner in which the account should be stated, in which the items of collections therein found were to be charged against the defendant, was any attempt made by the defendant to avail himself of the Acts of Limitations as to any of the items of charges against the defendant contained in said statements.

The defence of limitations is lost to the defendant if he, before pleading or relying upon it, does some act or stands by

and suffers some act to be done which necessarily implies a waiver of such defence on his part, as for instance, he can not first contest such claim on its merits and then afterwards plead limitations to it (*McMachen* v. *Chase,* 1 Bland, 85, note c, and 2 Bland, 43) ; or where an original complainant presents his claim with his bill, and the defendant in his answer denies its existence, but does not plead limitations thereto, he can not after the case has been contested on the ground of the existence of the claim, rely upon the statute by way of exception to the audit which allows it. *Brendel* v. *Strobel,* 25 Md. 400; *Hall* v. *Ridgely,* 33 Md. 310.

Following this rule, if the defendant could at any time have availed himself of this defence in this case, which we are not called upon here to determine, this right was waived by him by reason of his acts above mentioned.

The Court in its order of October 27th, 1911, directed that "The said Wilmer shall also be allowed such part of the sum of $1,055.30 referred to in his ledger named in evidence, for the payment of which he can show proper authority from Miss Placide, with interest." The defendant claims that he has accounted for or paid to the plaintiff this entire sum, less thirty cents, at the times and in the amounts following: $400, Nov. 6, 1899; $165, Nov. 16, 1899; $225, Nov. 24, 1899; $50, Dec. 19, 1899; $65, Apr. 10, 1900; $125, Oct. 19, 1900; and $25, Dec. 11, 1900.

Testimony was heard by the auditor as to these alleged payments. The defendant in his testimony produced the ledger of the banking firm of E. M. Wilmer, trading as E. M. Wilmer and Company. He also produced a counter day book from which the entries therein were transcribed to the ledger. The entries in both of these books were made by Wilmer and were in his handwriting. The ledger contained an account, designated by him as the "estate account," wherein, as we understand from the evidence, the plaintiff was credited with the amounts to which she was entitled from the estate of her brother Jennings Placide and which were

paid over to the defendant, and was charged in said account with the payments said to have been made by the defendant to her on this fund. Among these alleged payments to her were the payments mentioned above.

The admission of these books, the defendant's ledger and counter day book, for the purpose of proving the alleged payments by the defendant to the plaintiff of the amounts therein stated, was objected to by the plaintiff and exception was noted to the admission of them. The books, for such purpose, were not admissible. As was said by JUDGE PEARCE in *Gill* v. *Staylor,* 93 Md. 453: "It is of course clear, both upon principle and authority that entries made by a party himself charging another, are not admissible as evidence *per se.* Such entries stand upon a different footing from those made by a clerk or other person in the ordinary course of business and contemporaneously with the transaction." *Romer* v. *Jaecksch,* 39 Md. 589; *Deland Mining Co.* v. *Hanna,* 112 Md. 533.

But in addition to the production of the books the defendant testified that he had a distinct and independent recollection of all the deposits in and withdrawals from the said account and that he made all the entries of such deposits and withdrawals and personally paid all the withdrawals to Miss Placide, but that he could not give the dates of such withdrawals without the use of said books, to refresh his memory. For this purpose the use of such books was permissible. He further testified that at the time the account was opened in the ledger he issued to the plaintiff a deposit or bank book which thereafter remained in her custody and that from time to time thereafter he entered in such deposit or bank book the items of debits and credits corresponding to those found in said ledger account, including the items of said payments to the plaintiff and of which she had full knowledge. He also produced two witnesses, Messrs. Monroe and Slingluff, who testified that at the trial of a case in the Circuit Court No. 2 of Baltimore City, in which the defend-

ant and plaintiff were joint defendants, there was produced a deposit book containing an account of the plaintiff with the banking firm of E. M. Wilmer and Company, in which there appeared, among other items, a charge of $400 against Miss Placide; it being as claimed by the defendant in that suit, to be the consideration for an interest in the Martin Estate conveyed unto the plaintiff by the defendant. The book was offered at said trial for the purpose of showing said entry of $400. Mr. Monroe testified that he thought this book was produced by the plaintiff, Miss Placide. The plaintiff though called upon to produce said book in the trial of this case failed to do so, and when upon the stand she did not deny that it had been issued to her as testified to by the defendant, nor did she deny that it was or had been in her custody, but contented herself by saying that she had not received the alleged payments to her from the defendant. And although Mr. Monroe had said that he thought it was she who produced the book at the trial of the case in Circuit Court No. 2, she made no denial of this fact nor did she in any way refer to Mr. Monroe's testimony.

By the order of October 27th, 1911, the auditor was directed to allow unto the defendant such parts of the sum of $1,055.30 for the payment of which he should show proper authority from the plaintiff, Miss Placide, with interest thereon. After hearing the testimony offered by both the plaintiff and defendant, the auditor allowed to the defendant of the said sum of $1,055.30, only the sum of $400, with interest thereon, the said sum being the consideration for the conveyance to the plaintiff by the defendant of an interest in the Martin Estate, which it seems the defendant applied to such purpose and whose act in so doing the plaintiff subsequently ratified. In the opinion of the auditor this was the only amount for the payment of which the defendant had shown proper authority from Miss Placide. The payments claimed by the defendant that were excluded by the auditor were those that he alleged were paid to the plain-

tiff in cash upon her verbal order and for which he had no receipts.

In our opinion there is sufficient evidence before the auditor to warrant the conclusion, that the defendant has paid unto the plaintiff, from the amounts paid to him from the estate of Jennings Placide, the aggregate sum of one thousand and fifty-five dollars and thirty cents ($1,055.30); but while this is true, we are to inquire if all these different payments are to be regarded as parts of the specific amount of $1,055.30 mentioned in the order of the Court.

The order of the Court directing the auditor to allow to the defendant such part of said sum of $1,055.30, for the payment of which authority could be shown from the plaintiff, must be considered in connection with the further direction of the Court that the auditor should credit the plaintiff with the two sums, $834.47 and $854.56, aggregating $1,689.03, paid to the defendant from the estate of Jennings Placide.

In the ledger account known as the "Estate Account," the items of which are identical with those contained in the pass book as testified to by defendant, the plaintiff was credited with the amounts to which she was entitled from the estate of her brother, Jennings Placide, that were paid to the defendant, and was charged therein with the amounts paid by the defendant upon this fund. By this account it is shown that the defendant received from the said estate, in addition to the two payments above referred to, the sum of $377.25, and it is against the aggregate of the three payments made to him from the Jennings Placide estate that the payments of $1,055.30 are to be charged and not against the two items only. Thus the amount properly chargeable to the two items aggregating $1,689.03 is the said sum of $1,055.30 (thirty cents of this, as shown by the statement, was for the acknowledgment of a paper), less the sum of $377.25 (the amount of the first payment received by the defendant from the Jennings Placide estate), such

amount being $678.05. The ledger account shows that the amount still owing of this fund after allowing all credits claimed by the defendant is $1,010.98, and not $633.73, the difference between 1,689.03 and $1,055.30, as now claimed by the defendant. Thus the credit to which the defendant is entitled is the sum of $678.05, with interest, as provided for in the order of October 27th, 1911.

The record contains a certificate of the auditor that he, prior to the filing of the audit and upon the dates therein set forth, had received from the defendant certain costs therein mentioned amounting to the sum of $144.80. The auditor in stating his account between the plaintiff and defendant has charged the defendant with this amount so paid by him. In his account he also charged the defendant with taxes and water rent for the 1001 E. Pratt Street property held, as it is said by the plaintiff and defendant as tenants in common, as well as the sum of $5.40 interest upon the amount therein stated to have been received as rent for said property. It is to these items of charges that the seventh exception, as we have designated it, was taken.

The defendant having paid to the auditor the sum of $144.80, being part of the costs of the proceedings, it is clear to us that this should not have been charged against him in his account with the plaintiff, and that the auditor erred in so doing. And after a careful consideration of the evidence taken before the auditor, we also think the auditor committed an error in charging against the defendant the taxes and water rent on the Pratt Street property. The order of Court directing the manner in which the account should be stated does not direct that the defendant shall be charged with the taxes and water rent on the Pratt Street property; the direction as to taxes and water rent applied to the Madison Avenue property. If these taxes and water rent charged represent the entire amount of taxes and water rent for the period of time therein stated and were paid by the defendant, then he would be entitled to a credit for

one-half of this amount. He certainly could not be charged with the same unless it be shown that the entire taxes and water rent was paid by the plaintiff and the amounts charged represent only one-half of said sum, and then only in the event of the order of Court being sufficiently comprehensive to warrant the auditor in so stating the account. From an examination of the order and the record in this case we fail to find warrant for the insertion of this charge in the account against the defendant.

There were other exceptions taken by the defendant to the account stated, but in them we find no cause for reversal of the Court in ratifying the audit.

Subsequent to the passage of the order appealed from in this case, the Court below on June 21st, 1912, passed an order or decree *in personam* against the defendant in favor of the plaintiff for the sum of $2,654.30, with interest from March 2, 1912. From this order an appeal was likewise taken by Wilmer which is now before us in *Wilmer* v. *Placide*. No. 42 of the present term, and will be disposed of in this opinion.

The last order includes all credits given to the defendant in the account stated by the auditor and embraces no charges against him that are not found in such audit, on the contrary, it omits the charges of costs, including those that were paid by the defendant and of which the defendant complains in No. 31; but it too includes the items of $57.78 for taxes and water rent for 1001 E. Pratt Street, which we have said should not have been included in the account, and allows to the defendant a credit only of $400 out of the money received by him from the Jennings Placide estate, with interest thereon, when, as we have said, he should have been allowed out of said fund, as payments, the sum of $678.05, with interest.

We, therefore, find that the auditor's account ratified by the order appealed from in No. 31 is incorrectly stated and will be reversed in part and affirmed in part:

*First.* Because it wrongfully charges the defendant there-in with costs that had been paid by him to the auditor as hereinbefore stated.

*Second.* Because it allows to the defendant out of the monies paid to him from the estate of Jennings Placide a credit only of four hundred dollars with interest when he should have been allowed a credit of $678.05 with interest.

*Third.* Because it wrongfully charges him with the sum of $58.78 for taxes and water rents for 1001 E. Pratt street property.

We also find that the order in No. 42 is erroneous for the second and third reasons assigned against the correctness of the auditor's account in No. 31, and therefore the order will be reversed in part and affirmed in part.

> *The orders therefore in Nos. 31 and 42 are reversed in part and affirmed in part and the cases remanded in order that orders may be passed therein in conformity with this opinion; costs of both appeals to be paid by the appellee.*