EDWIN M. WILMER

*vs.*

SUSAN E. PLACIDE.

*Appeals: in equity; auditor's account; remanding, with directions to auditor; no new and distinct matters admitted.*

Where, upon an appeal from an order ratifying an auditor's account, the cause is remanded, with specific directions how the account shall be stated, new and distinct items of charges or credits can not be introduced in the account.          p. 541

*Decided July 25th, 1914.*

Appeal from the Circuit Court of Baltimore City. (DAW-KINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*David Ash,* for the appellant.

*Chas. F. Stein* and *John L. Sanford,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order finally ratifying an auditor's report and account. It is the third time that this case has been before this Court.

The original bill was filed by the appellee against the appellant on the 10th day of November, 1910. The appellant had instituted proceedings for the foreclosure of a mortgage from the appellee, Susan E. Placide, to Alice B. Wilmer, trustee, dated November 3, 1890, upon property located at 1300 Madison Avenue, Baltimore City, where both the plaintiff and defendant at such time resided, and which was conveyed unto the plaintiff by the defendant and George W. Lindsay, trustees, by deed dated the 16th day of June, 1887.

The mortgagee, Alice B. Wilmer, wife of the appellant and sister of the appellee, assigned said mortgage to the Mercantile Trust and Deposit Company, by which it was thereafter assigned unto the appellant.

The prayer of the bill not only asked that the defendant be restrained from foreclosing said mortgage and that it be annulled and set aside, but it also asked for an accounting of the money alleged in the bill to be in the hands of the defendant belonging to the plaintiff and for which he had not accounted to her; and further asked that the defendant be required to vacate the mortgaged premises.

After the filing of the bill the defendant on the 8th day of December, 1910, filed for record in the Record Office of Baltimore City, a deed from the plaintiff, Susan E. Placide, to her sister, Alice B. Wilmer, dated July 29th, 1887, by which it was claimed by the defendant that the mortgaged premises aforesaid were conveyed by the plaintiff to the said Alice B. Wilmer; and thereafter he filed his

answer to the plaintiff's bill denying that she was the owner of said mortgaged property.

The plaintiff being thus informed for the first time, as she alleges, of the existence of the deed aforesaid, filed her second bill asking that the said alleged deed be declared void. The defendant filed his answer thereto and the cases were thereafter consolidated by order of the Court.

After hearing a great volume of testimony, the Court below by its decree annulled and set aside said deed and ordered an accounting, as prayed in the original bill, and the papers were referred to the auditor with directions to him to state an account between the said Susan E. Placide and the said Edwin M. Wilmer *"in which there shall be the following and no other charges and allowances:*

"The said Susan E. Placide shall be charged with said mortgage debt, to wit:

"The sum of thirty-nine hundred and fifty-nine dollars and eighty-nine cents, cost of recording, four dollars and twenty-five cents, making a total of thirty-nine hundred and sixty-four dollars and fourteen cents, *and she shall not be charged with any interest thereon.*

"She shall be credited with the two sums ($834.47 and $854.56) arising from the estate of Jennings Placide, deceased, amounting to sixteen hundred and eighty-nine dollars and three cents, with interest on each sum from the date of its receipt by Edwin M. Wilmer.

"The auditor shall credit Miss Placide with the sum shown by said books to have been charged against her as board, and shall deduct therefrom any overpayment made by Edwin M. Wilmer if said board had been a proper charge, and in making such credits and debits the auditor shall be confined to the entries in said books.

"She shall be credited in such account with interest on each sum so improperly retained by Edwin M. Wilmer as board.

"She shall be credited with whatever sum the said Wilmer has received as one-half of the rent of No. 1001 E. Pratt Street less all proper allowance to Wilmer for taxes, water rents and repairs for which proper vouchers shall be produced, and with one-half of the rent of one hundred dollars issuing out of No. 1901 McCulloh Street and not accounted for by the said Wilmer to the date of the audit.

"She shall be credited with interest on each of the said last above named sums.

"She shall be credited with any taxes, water rents on No. 1300 Madison Avenue not paid by the said Wilmer since August 12, 1897."

It was further adjudged, ordered and decreed that the defendant, Wilmer, was to have twenty days to produce his vouchers and accounts before the auditor, and the plaintiff, Susan E. Placide, was to have ten days to produce her vouchers and examine said account, and that each party might take such testimony before the auditor as might be necessary *"with reference to the above named items only."*

The defendant appealed from that portion of the decree setting aside the aforesaid deed from the plaintiff to Alice B. Wilmer and declaring the property therein mentioned— the mortgaged premises—to be the property of Susan E. Placide, and also from that part of the decree ordering an accounting and referring the papers to the auditor with directions as above stated; while the plaintiff appealed from that part of the decree declaring the existence of the aforesaid mortgage and directing the auditor to charge the principal thereof, without interest as aforesaid, to her. These appeals (*Wilmer* v. *Placide,* 118 Md. 305) resulted in an affirmance of the decree of the Court below, and Edwin M. Wilmer was directed to pay the costs above and below in both cases, except the clerk's costs and appearance fee in plaintiff's appeal, which were to be paid by her.

Pursuant to the said order or decree of the lower Court passed on the 27th of October, 1911, and affirmed, as we have said, by this Court, the papers were referred to the auditor and he, after taking testimony as authorized and directed by said order, stated an account between the plaintiff and defendant, to the ratification and confirmation of which exceptions were filed by the defendant. These exceptions were heard and overruled and the auditor's report and account were finally ratified and confirmed by an order of the Court below passed on the 31st of January, 1912. From that order an appeal was taken to this Court, *Wilmer* v. *Placide,* 119 Md. 49. The aforesaid exceptions numbered twenty-five. Of these we will only mention and refer to those that are involved in the decision of this appeal; they are as follows:

*First.* To the exclusion of interest on the mortgage debt after the assignment of the same to the defendant.

*Second.* To the exclusion of amounts said to have been paid by the defendant as interest on the mortgage debt before the assignment to him.

*Third.* To the exclusion of commissions to the defendant on moneys collected and disbursed by him for and on behalf of the plaintiff.

*Fourth.* To the failure of the auditor to allow to the defendant certain credits to which he claims to be entitled in his account with the plaintiff for money of hers paid to him from the estate of Jennings Placide.

*Fifth.* To the charges against the defendant for taxes and water rents on property known as 1001 E. Pratt Street, and to the allowance of costs to the plaintiff that were paid by the defendant to the auditor, amounting to one hundred and forty-four dollars and eighty cents.

We sustained the ruling of the Court below upon the first, second and third exceptions as we have here numbered them, but reversed the Court in its rulings on the fourth and fifth. The reversal upon the fourth exception was because the ac-

count as stated allowed to the defendant, out of the money paid to him from the estate of Jennings Placide, a credit of only four hundred dollars with interest, when, as we thought, he should have been allowed a credit of six hundred and seventy-eight dollars and five cents, with interest; and the reversal upon the fifth exception was because, in our opinion, the account wrongfully charged the defendant, first, with costs amounting to one hundred and forty-four dollars and eighty cents that had been paid by him to the auditor, and second, with the sum of fifty-eight dollars and seventy-eight cents for taxes and water rent for the Pratt Street property.

The order appealed from was, therefore, affirmed in part and reversed in part, and the case remanded that an order might be passed in conformity with that opinion. Upon the return of the case to the Court below an order was accordingly passed and the papers again referred to the auditor and the account restated by him; to the confirmation and ratification of which the appellant again excepted, but this time the exceptions numbered only seventeen. They were, however, overruled and the report and account finally ratified and confirmed, and the appellant again appealed to this Court from the order ratifying and confirming said report and account.

The corrections directed by us to be made in the restatement of the account were few and simple and were as follows:

*First.* The amount to be credited the defendant upon the sums received by him at different times from the estate of Jennings Placide was to be increased from four hundred dollars, with interest, to six hundred and seventy-eight dollars and five cents, with interest. In the former account he was credited upon this fund with but four hundred dollars, with interest from November 6, 1899, the date when it was paid by him. By the account when restated he was to be credited upon said fund with an additional sum of two hundred and seventy-eight dollars and five cents with interest

thereon. This the auditor did, allowing him interest thereon from the date of the payment of the four hundred dollars, November 6th, 1899, to the day of the filing of the audit. This allowance of interest, as disclosed by what is known as the "Estate Account" made out by the defendant and filed by him as his Exhibit No. 10, showing the dates upon which the various payments upon this fund were made, the last one being made so late as December 11, 1902, appears to be exceedingly fair and liberal to the defendant, and especially so as the interest thereon is computed to the day when the audit was filed, when the interest on the debits of said account were computed to a much earlier date.

*Second.* The costs amounting to one hundred and forty-four dollars and eighty cents, that we said were improperly charged against the defendant in the first account, were not to be included among the charges against the defendant in the account when restated, and we find upon examination of the account, as restated, that these costs have been eliminated therefrom and not charged against the defendant.

*Third.* The amount of fifty-eight dollars and seventy-eight cents charged against defendant for taxes and water rents on the Pratt Street property, which we said was improperly charged against the defendant, was to be omitted in the account when restated, and we find that it was omitted therefrom by the auditor in the restatement of his account.

The item of eighty dollars which appears in the account, as restated, to have been taken from the money of the plaintiff in the hands of the defendant to be disbursed by him, is erroneously stated. It should have been one hundred and ten dollars, so as to have given to the defendant, out of the said moneys of the plaintiff, an amount sufficient to pay all costs with which he is charged in the account; but as the auditor, whose mistake it was, has paid thirty dollars to the clerk of the Court below in payment of so much of said costs, and has thereby relieved the defendant of paying more costs than he has money in hand with which to pay them, we do

not find such error a reversible one. This amount so paid to the clerk may be saved to the auditor by the plaintiff paying to him a like sum, without loss to her, inasmuch as the amount coming to her by the restated account was not further reduced by the allowance of said thirty dollars for the payment of costs as it should have been.

The defendant again excepts to the exclusion of interest upon the mortgage, although this Court has sustained the lower Court in excluding such interest in each of the former appeals, and therefore, we shall not further discuss it.

Again the defendant excepts to the account because of its failure to allow to him commissions upon the receipt and disbursement of certain moneys of the plaintiff more particularly referred to in his exception. The original order of the lower Court, passed on the 27th day of October, 1911, stated with great particularity that with which the plaintiff should be charged and that with which she should be credited in stating the account. Nowhere in the order is the auditor directed to allow to the defendant the commissions above referred to. In it the parties are extended the privilege of taking testimony before the auditor as to the items therein mentioned, but are specially restricted to such items. The record in the first case, which is a voluminous one, contains many written statements made by the defendant in which many and various charges were made against the fund in his hands belonging to the plaintiff, yet in none of them and nowhere in the testimony is there disclosed any claim for commissions upon the receipts and disbursements of money made by him for and on behalf of the plaintiff. The only time that commissions are even mentioned is in a letter from the defendant to the plaintiff, dated November 4th, 1910, in which he says: "Herewith I hand you your pass-books of account from one to nine, inclusive, covering your property collections and personal accounts with myself to November 2, 1910. * * * You will notice that I have neither charged you the usual agent commissions for collecting and services.

nor for payments nor disbursements. These commissions, etc., *would have* amounted to $1200 or $1500, *if charged."* This letter, it seems, was written in response to a demand from her upon him to account for the moneys that he had received for her and for which he had not accounted, and it was not even offered in connection with any claim then made for commissions. No reference was made to such claim until after the passage of the decree by the Court below, in which commissions were not allowed. The first reference thereto was found in the appellant's brief, wherein he assigned the failure to allow commissions to him as one of the many reasons why the decree or order of the Court below should have been reversed. This Court affirmed the order of the Court below, in which commissions were not allowed, and remanded the case in order that the directions contained in the order could be carried out by the auditor in stating his account. A motion was thereafter filed in this Court asking for a re-argument of the case, and one of the grounds of the motion was the failure of the Court to allow such commissions. That motion, again presenting the question of commissions, was duly considered by this Court and was overruled by it.

When the case came here the second time, after the account had been stated by the auditor, in which such commissions were not allowed, the record disclosed an exception to the auditor's account because of his failure to allow such commissions. This exception was passed upon and overruled by us and our reasons for so doing are stated in the opinion reported in 119 Md. 49.

Whatever may be said as to the binding effect upon us of what we then said in the first appeal upon the question of commissions, we cannot escape the binding and controlling effect of our decision in the second appeal, where the question of commissions was specifically raised in the lower Court by an exception to the report and account of the auditor ratified and confirmed by such Court, and where we, upon that

appeal, sustained the ruling of the lower Court in overruling such exception.

Under all the facts and circumstances of this case,—the relation of the parties to each other, the fact that at the time of the collection and disbursement of the moneys by the defendant for the plaintiff, she was acting as the head of his household and as mother to his children, without charge therefor, so far as the record discloses,—we have no reason to change our opinion in relation to the question of commissions, not only when considered in a purely legal aspect, but also when considered in the light of what is fair and equitable between the parties. And should we in cases of this character, where specific directions are given to the auditor in the statement of his account, permit new and distinct items of charges or credits to be introduced each time that the case is remanded to the auditor, to be considered and acted upon by him in stating the account, with the right of the parties thereto to appeal from the decision of the Court in allowing or disallowing such items, such practice would make the proceedings interminable. And were we to follow the course suggested by the learned counsel for the appellant of reconsidering the decisions which we had reached in former appeals, it would result more in the exercise of this Court's appellate powers over its own proceedings and judgments than over those of the inferior Courts.

As we find no error committed by the Court below in its final ratification and confirmation of the auditor's report and account, we will affirm the order appealed from.

*Order affirmed, with costs to the appellee.*