# EDWIN M. WILMER

*vs.*

# SUSAN E. PLACIDE.

*Action for Perjury.*

In an action for damages on account of alleged perjury by defendant in a former proceeding between the parties, wherein a decree was rendered in defendant's favor, *held* that the trial court properly directed a verdict for defendant.

*Decided January 8th, 1924.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Action by Edwin M. Wilmer against Susan E. Placide. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*David Ash,* for the appellant.

*Harry M. Benzinger* and *Henry H. Dinneen,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This Court expressed, at the time, the regret it felt in being compelled to reverse the judgment reviewed in *Wilmer* v. *Placide,* 137 Md. 107, by reason of the error of the lower court in refusing to permit the plaintiff to introduce any further testimony in the case. We referred to the fact that there were seven counts in the declaration, only two of which in terms named the Madison Avenue property, connected with which there had been so much litigation, and that there had been no demurrer filed to the declaration or to any of the counts in it. After citing some decisions to show that, in passing on the admissibility of evidence, the court was required to examine the pleadings in order to ascertain whether

the evidence was admissible, we said: "There is nothing before us to show what was to be offered by the plaintiff, and we know of no case which would authorize us to treat an objection to evidence as equivalent to a demurrer and thereby enable us to pass on the sufficiency of the declaration, or the different counts."

We said enough to remind attorneys of the position this Court has taken when it was sought to obtain relief from a judgment or decree alleged to have been obtained by perjured testimony, and to "show how suits for malicious prosecution in civil cases, including the alleged abuse of process of courts, are regarded by it, and not encouraged," and we did assume that no attorney familiar with the cases referred to by us in that opinion would ask this Court, or the lower court, to give relief under such a declaration as the one in this case, on such testimony as there is in this record and other records, to which these litigants were parties, which have been before us.

If we could have legally known, as we know now, the kind of evidence the appellant proposed then to offer, and the lower court excluded by its ruling in that case, we would not have felt bound to reverse that judgment. It is trifling with the Court to ask it, with the record in this case and the records and decisions of this Court in the prior cases between these parties before it, to reverse the judgment now appealed from.

It is not necessary, for the purposes of this appeal, to refer to them, but anyone concerned, or curious to know what has already been decided by us, can be gratified by referring to *Wilmer* v. *Placide,* 118 Md. 305; *Wilmer* v. *Placide,* 119 Md. 49; *Wilmer* v. *Placide,* 123 Md. 532; *Wilmer* v. *Placide,* 127 Md. 340, in which case this Court, through JUDGE STOCKBRIDGE, said: "For all practical purposes, the bill is one under which the complainant seeks to obtain a re-trial of the questions which were involved and had been passed upon in the case reported in 118 Md., and the grounds upon which this was asked to be done were, first, fraud, and,

second, newly discovered evidence." The fraud alleged was said to consist of perjured evidence in the trial of the first case, and the allegation as to newly discovered evidence consisted in the discovery of certain witnesses, who it was averred would contradict the perjured evidence, and that such witnesses were beyond the reach of the complainant, or that he was ignorant of them at the time. An order sustaining a demurrer to the bill of complaint was affirmed and the bill dismissed in that case. The next one is *Wilmer* v. *Placide,* 128 Md. 168, then *Wilmer* v. *Placide,* 131 Md. 399—the latter being an appeal from a decree setting aside a deed from Wilmer to his sister, alleged to be fradulent, which was affirmed, and that opinion refers to the previous cases and states: "That litigation finally resulted in a personal decree against Wilmer in favor of Miss Placide for $2,193.15 and it was determined that the house on Madison Avenue belonged to her, 118 Md. 305. When that litigation and its results are considered in connection with the testimony in this case, we can have no doubt that the deed was made with a deliberate intent to hinder the appellee from collecting what was decided to be due her."

Then the appellant, notwithstanding all that had been decided, instituted this suit at law, which we felt called upon to reverse for the reasons already stated, but we there said: "While the case reported in 127 Md. was an effort to set aside and vacate a decree, the principle involved in this case is the same. Indeed, a court of equity would be more anxious to set aside a decree obtained by perjured testimony than a court of law could be to sustain such a suit as this. There must be an end to litigation somewhere, and if the litigant who loses his case is to be permitted to sue the opposite party for alleged perjury and gains that case, what is to prevent that party from suing him on the same ground, and thus indefinitely continuing the litigation?" 137 Md. 113.

The case of *Maryland Steel Company* v. *Marney,* 91 Md. 360, in which we followed and adopted the reasoning of *United States* v. *Throckmorton,* 98 U. S. 161 and *Pico* v.

*Cohn,* 91 Cal. 129, has been cited with approval by us several times since it was decided, including some of the numerous cases of *Wilmer* v. *Placide, Pressler* v. *Pressler,* 134 Md. 243, and others, and the subject is no longer an open question in this State. There is nothing to take this case out of the fixed rule, but on the contrary it is peculiarly one that should be governed by it. Judge Pattison, in concluding the opinion of the Court in 118 Md., which decided some of the most important controversies between these parties, said: "As we have stated, there are many exceptions to the admission and rejection of testimony, all of which we have carefully considered, *but as we have reached our conclusion almost exclusively upon the conceded testimony in this case,* we think it unnecessary to pass upon them, for our conclusion would not be affected thereby." Moreover, in 118 Md., Wilmer's two sons answered the bill of Miss Placide and admitted all of its allegations, and stated that she was always regarded as the absolute owner of the Madison Avenue property, and that their father spoke of it as her property. They also said that they had never heard of the "secret" deed from the plaintiff to their mother, which was set aside, until shortly before it was by their father filed for record—being many years after its date. Mr. Morse, the husband of the deceased daughter of Wilmer, said in his answer that he had no personal knowledge of many of the matters and things alleged in the bill, "although he has understood from statements made by his wife and others that said allegations are substantially true as therein stated."

There is nothing in the present record or in any of the others before us to suggest that the lower court was in error in rejecting the two prayers offered by the plaintiff, or in directing a verdict in favor of defendant, and we must affirm the judgment.

*Judgment affirmed, the appellant to pay the costs above and below.*