JULIUS PETER PFELTZ  
vs.　　　　　　　　　} JULY TERM, 1849.  
ANN MARIA PFELTZ ET AL.

[CHANCERY PRACTICE—VACATING ENROLLED DECREE—BILL OF REVIEW.]

A DECREE is considered as enrolled, when signed by the Chancellor, filed by the Register, and the term elapsed at which it was made ; and such decree cannot be reheard upon petition.

Every decree stands, and must be allowed to stand, for what it purports to be on its face, until it has been revised, or reversed, in a proper and solemn manner.

A decree passed for the sale of property, for the purpose of partition among the parties to the cause. After enrollment of this decree, a petition was filed by one of the parties, setting up an exclusive right to the whole proceeds of sale. HELD—

That as the decree contained no reservation of equities, or for further directions, it was of course final upon the rights of the parties, and that this court upon such petition, had no more power to change the rights thus settled, than it would have to open the enrollment, and vacate the decree.

When a decree is obtained and enrolled, though on a bill taken *pro confesso*, it cannot be reheard on petition, and the remedy of the party grieved, is by a bill to set aside the decree for fraud, or a bill of review, which only lies against those who were parties to the original bill.

A bill of review founded on new matter discovered since the decree, cannot be filed without leave, and the granting this leave, is left to the sound discretion of the court, arising out of the circumstances of each case.

The limitation of time, as to appeals from the decrees of the court, applies to the right of filing bills of review, and such a bill, filed nine months after the date of the decree, comes too late.

[The facts in this case are stated in the Chancellor's opinion.]

THE CHANCELLOR:

In this case a bill was filed by Ann Maria Pfeltz and George C. Pfeltz, on the 4th of April, 1845, alleging that Charles William Pfeltz, the husband of the female complainant, died in the year 1837, intestate, and seized in fee of certain parcels of land in Baltimore county, leaving the said Ann Maria, his widow, and five children, his heirs at law, among them the complainant George, and Peter Pfeltz, the same person now called Julius Peter Pfeltz, and the bill to which the heirs at law were made parties, prayed for a sale of the property, or that the female complainant might be let into the receipt of one-third of the rents and profits, &c.

The defendants being summoned, and not having appeared or answered, an interlocutory decree against them passed on the 28th of October, 1845, and the case being proved under an exparte commission, a final decree passed on the 11th of July, 1846, directing a sale of this property for the purpose of partition. The sale was made accordingly, and finally ratified and confirmed on the 3d of November, 1846.

Afterwards, to. wit, on the 19th of October, 1847, Julius Peter Pfeltz, one of the defendants to the bill, filed his petition in the cause, claiming the said lands as his own individual property, under a deed which he alleges was made by his father, in April, 1832, to one Job Smith, in trust for him and his children, and insisting, that the whole of the net proceeds of the sales should be paid to him, after deducting a reasonable allowance to the widow for dower.

The petition was subsequently amended, by making the children of the petitioner parties, and praying that the proceeds

of the sales, after deducting the value of the dower, should be invested for the use of the petitioner for life, and, after his death, for the benefit of his children, according to the provisions of the said trust deed.

This is the case, then, of an application by petition, to open and revise a decree, after the term has passed at which it was made. The decree passed before the commencement of the sittings of the July term, 1846, and, consequently, that term, and the then ensuing September and December terms had closed, before the petition was filed ; and a preliminary question presents itself, as to the power of this court, upon petition, to rehear the matters settled by the decree.

In *Burch et al.* vs. *Scott*, 1 *G. & J.*, 393, the Court of Appeals decided, that a decree signed and enrolled, could not be reheard upon petition, and that a decree would be considered as enrolled, when signed by the Chancellor, filed by the Register, and the term had elapsed at which it was made.

This decree, then, is to be regarded as enrolled ; and it is clear, that if an application were made, by petition, to open the enrollment and vacate the decree, it must be refused.

It may be said, however, that this is not an application to vacate the decree, but to give the fruits of it a different direction from that which, upon the proceedings as they stood at the time it passed, they would take; that is, that instead of distributing the proceeds of the sale among the parties, according to their rights and interests as displayed upon the face of the proceedings, the whole amount shall be given to one of those parties for life, with remainder to persons who were not parties to the decree.

But the decree contained no reservation of equities, or for further directions, and was of course final upon the rights of the parties, and this court, therefore, in this way, has no more power to change the rights thus settled, than it would have to open the enrollment and vacate the decree. 2 *Daniell's Ch. Pr.*, 1199.

In *Estep* vs. *Watkins*, 1 *Bland*, 489, the late Chancellor said, "every decree stands, and must be allowed to stand, for

what it purports to be on its face, until it has been revised or reversed in a proper and solemn manner." And as the decree in this case purports upon its face to be a decree for the purpose of making partition among the parties to the cause, it will not be allowed to stand as such, if the proceeds of the sale are now taken from them and given to others.

When a decree is obtained and enrolled, though on a bill taken *pro confesso,* and requires explanation, it cannot be reheard on petition, and the remedy of the party grieved is by a bill to set aside the decree for fraud, or a bill of review which only lies against those who were parties to the original bill. 2 *Mad. Ch. Pr.,* 537.

This petition certainly cannot be maintained as a bill of review, either for error apparent on the face of the decree, or upon some new matter discovered since. Upon the face of the decree there is no error, and the petition does not profess to be founded upon new matter discovered since ; nor has the leave of the court been obtained to file it ; which is indispensable, regarding it as a bill founded upon new matter discovered since the decree. 2 *Mad. Ch. Pr.,* 538 ; *Burch et al.* vs. *Scott,* 1 *G. & J.,* 125.

And it may very well be doubted, whether, if the leave of the court had been asked for, to file a bill of review, upon newly discovered matter, it would have been granted ; the interference of the court to relieve a party from the consequences of his default depending upon sound discretion, arising out of the circumstances of the case. *Wooster* vs. *Woodhull,* 1 *Johns. Ch. Rep.,* 541 ; *Burch* vs. *Scott,* 1 *G. & J.,* 426.

The circumstances of this case are not such as to enlist the favorable consideration of the court, or to entitle the petitioner to be relieved from the consequences of his neglect. He states, "that he was served with a subpena from the court, issued against him by the name of Peter Pfeltz, to appear in said court in said cause, upon which he inquired of the said Ann Maria, for what purpose he had been served with a subpena from chancery, at her suit ; when she informed him the proceeding in said suit was stopped, which induced him not to attend to the cause, which he would otherwise have done."

In answer to this part of the petition, Ann Maria Pfeltz says, "she denies positively that she ever told the petitioner that the proceedings in the said suit were stopped or stayed, or otherwise led him into error in regard to the proceedings;" and no proof is produced to show that she did mislead him upon the subject.

It seems to me, adopting the language of the Court of Appeals, "that if upon the application of this party, thus guilty of disregarding the process of the court, its decrees are to be revised and changed, a lax principle of practice will be established, which will be productive of the most serious consequences in the administration of equitable jurisprudence."

There is another insuperable objection to entertaining this petition, supposing it may assume the character of a bill of review, and that is, that it was filed more than nine months from the date of the decree ; it having been settled by the Court of Appeals, that the limitation of time as to appeals from the decrees of the court applies to the right of filing bills of review. *Berrett* vs. *Oliver*, 7 *G. & J.*, 207.

The children of Julius Peter Pfeltz were not parties to the bill upon which the decree passed, and are of course not bound by it. Their rights are, therefore, supposed to be unaffected ; but the father, the petitioner, was, and his petition, for the reasons stated, must be dismissed.