# LUCIE S. PRIMROSE et al. *vs.* MARGARET P. WRIGHT.

*Correction Upon Petition of Clerical Error in Order Ratifying Sale After Enrollment.*

In the order *nisi* and reports relating to a mortgage sale of land in Queen Anne's County, the papers stated on their face that the proceedings were had in the Circuit Court for that county, but the final order ratifying the sale, erroneously set forth that it was passed by the Circuit Court for Kent County, although this order was filed with the papers in the other Court. Both counties were in the same judicial circuit, and the Judge who signed the order was a Judge of both of the said Circuit Courts. The mistake was not discovered for ten years, when the heirs of the mortgagor filed exceptions to the sale and the purchaser, who had paid the purchase-money and who had been in possession, petitioned the Court to correct the error in the order of ratification. *Held*, that the misnomer was a mere clerical error, which should be corrected now in the presence of the Court, and the exceptions to the sale dismissed.

A Court of equity has the power, upon petition or motion, to correct a clerical error in a decree or order after its enrollment, and this power of the Court to correct mistakes in its own proceedings at any time is not affected by Equity Rule 51, which provides that clerical mistakes in decrees or decretal orders may, at any time before the enrollment thereof; be corrected by order of the Court upon petition.

Appeal from the Circuit Court for Queen Anne's County (Pearce, C. J., Martin and Brown, JJ.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Schmucker and Jones, JJ.

*John D. Urie* and *Edwin H. Brown, Jr.*, for the appellants.

*Philemon B. Hopper* (with whom was *Richard D. Hynson* on the brief), for the appellee.

Schmucker, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Queen Anne's County in equity directing the correction of a

clerical error in an order of ratification of a sale of mortgaged property and overruling exceptions filed to such ratification.

The mortgage in question was made on August 1st, 1885, by Thomas Q. Primrose and wife to Elizabeth Curry upon a farm in Queen Anne's County. It contained a power of sale in the usual form authorizing Thomas Hill as the mortgagee's attorney to sell the farm at public sale in case of default in any of the conditions of the mortgage. Default having occured under the mortgage Hill the attorney therein named instituted the present proceeding on March 20th, 1896, by filing his bond in the Circuit Court for Queen Anne's County as required by law and also a certified copy of the mortgage, and proceeded to sell the farm. He first sold it, after an appropriate advertisement, at public sale, for $1,470, to one James A. O. Tucker, who failed to comply with the terms of sale, whereupon he resold it at private sale for $1,550, to Mrs. Margaret P. Wright, and reported the sale to the said Circuit Court.

The usual order of ratification *nisi* of the sale was passed on April 17th, 1896, and was published as required by law. No exceptions to the sale having been filed it was finally ratified on July 23rd, 1896, by an order signed by JUDGE Jos. A. WICKES. This order is in the usual form and is written upon the sheet of paper containing the order *nisi*, which is attached to the report of sale, and it in terms refers to "the preceding order *nisi*" and the notice given thereunder and the absence of exceptions and then finally ratifies "the sale of real estate within reported." Although this order was filed with the other papers in this case in the Circuit Court for Queen Anne's County, it erroneously states on its face that it was passed by the Circuit Court for *Kent* County. Both Kent and Queen Anne's County are in the Second Judicial Circuit of the State and JUDGE Jos. A. WICKES was at the time of signing the order an Associate Judge of that Circuit.

The purchaser paid for the farm and the purchase-money was distributed by an auditor's account which was finally ratified on January 30th, 1897.

On March 3rd, 1905, almost ten years after the final ratifi-

cation of the sale the appellants, who are the children of the mortgagor Thomas Q. Primrose, filed in the case exceptions to the ratification of the sale relying among other things upon the contention that the error already mentioned by us appearing on the face of the order finally ratifying the sale rendered that order void and of no effect and that there had therefore never been any ratification of the sale. On March the 11th, 1905, Margaret P. Wright, the purchaser of the farm at the mortgage sale, filed a petition in the case alleging that she had only a few days prior thereto discovered the misnomer of the Court in the order of final ratification of the sale to her, and asserting that it was a mere clerical error and praying for its correction:

The Circuit Court having heard together the appellants exceptions and the petition for the correction of the error in the order of ratification, was of the opinion that the misnomer of the Court in the order referred to was a mere clerical error and directed it to be corrected in their presence and at the same time overruled and dismissed the exceptions as having been filed too late. From that order the present appeal was taken.

The learned Judges below in our opinion correctly disposed of the case. The misnomer of the Court in the order of final ratification was obviously a mere clerical misprision which under the circumstances in which it occurred did not affect the integrity of the record or impair the validity of the order. All of the other papers in the proceeding showed distinctly that it had been conducted in the Circuit Court for Queen Anne's County. The report of sale was correctly entitled "In the Circuit Court for Queen Anne's County" and was addressed "To the Honorable Judges of said Court." After the filing of the report the properly entitled order of ratification *nisi* was endorsed thereon and below it upon the same sheet of paper was written the final order in question which upon its face refers to both the order *nisi* and report of sale and professes to finally ratify the sale to which they refer.

This Court has already been called upon to consider the

effect of a somewhat similar misnomer inadvertently occurring in the course of legal proceedings.

In *Davis* v. *The State*, 39 Md. 355, a party was indicted for murder in the Circuit Court for Carroll County and moved his case to Washington County where it was tried. The transcript of the record sent from the former to the latter county stated by mistake that the grand jurors who found the presentment were "good and lawful men of *Baltimore* County." All of the other proceedings in the case prior and subsequent were recorded as of Carroll County. After the traverser had been tried, convicted and sentenced to be hung his counsel filed a petition praying that the case might be removed as upon a writ of error to this Court assigning as one of his grounds the defect in the record in setting forth that the grand jurors were of *Baltimore* instead of *Carroll* County. This Court held that the error was a mere clerical misprision which did not affect the validity of the proceedings or the verity of the record.

Furthermore in the present case the Circuit Court had the inherent power as a Court of equity to correct the mistake upon the petition of the appellee, even after the enrollment of the decree.

The general rule undoubtedly is that after the enrollment of a decree in chancery, in the absence of fraud, surprise or irregularity in its procurance, a substantial error in it will not be corrected or a rehearing of the case granted upon a mere petition such as was filed by the appellants in this case, a bill of review or an original bill for fraud being the appropriate form of proceeding in such cases. *Pfeltz* v. *Pfeltz*, 1 Md. Chy. 455; *Burch* v. *Scott*, 1 G. & J. 393; *Tomlinson* v. *McKaig*, 5 Gill, 279; *Thurston* v. *Devecmon*, 30 Md. 217; *Krone* v. *Linville*, 31 Md. 146; *Pfeaff* v. *Jones*, 50 Md. 269; *Rice* v. *Donald*, 97 Md. 396; Equity Rules 51 and 52, codified as secs. 178 and 179 of Art. 16 of the Code of Public General Laws. It has however been several times, held by this Court, following the settled practice in that respect, that a Court of equity has power upon mere petition or motion to correct a manifest

clerical error in a decree even after its enrollment. In *Lovejoy* v. *Irelan*, 19 Md. 56, which was affirmed in *Williams* v. *Banks*, 19 Md, 528, this Court having decided that an appeal which is reported in 17th Md. 525, should be dismissed passed a decree for that purpose at the June Term, 1860. At the June Term, 1862, the appellees solicitor, having just prior thereto discovered that the decree passed in 1860 on its face dismissed the *bill* instead of dismissing the *appeal*, made a motion to have the error corrected. The Court, after stating in its opinion the practice in such cases and the authority for it, granted the motion and directed the Clerk to bring the original decree and the enrollment thereof and correct it in their presence.

It was contended in argument by the appellant that the 51st and 52nd Equity Rules, which were adopted since the decision of *Lovejoy* v. *Irelan*, prohibit granting a rehearing of a case or correcting an error in a decree upon petition filed after the enrollment of the decree, but we have not construed those rules as intended to take away from Courts of equity their inherent power to correct mistakes in their own proceedings at any time in the exercise of a sound discretion. In *Straus* v. *Rost*, 67 Md. 479, which was decided in 1887 long after the adoption of the rules in question, there was an application by petition to correct an error in an order of final ratification of an auditor's account which had been passed several years before the filing of the petition. This Court affirmed an order granting the application, saying in its opinion through the late JUDGE MILLER. "The general rule of practice that a decree or decretal order after enrollment can be revised or annulled only by a bill of review or by an original bill for fraud is well settled. *Thurston* v. *Devecmon*, 30 Md. 210; *Downes* v. *Friel*, 57 Md. 531; *United Lines 1el. Co.* v. *Stevens*, ante p. 156. But there are certain well-defined exceptions to this general rule which are equally well established, where the procedure may be by petition. These are in cases not heard on their merits and in which it is alleged that the decree was entered by mistake or surprise or under such circumstances as shall satisfy the Court in the exercise of a sound discretion that

the enrollment ought to be discharged and the decree set aside.   *Herbert* v. *Rowles,* 30 Md. 278; *Bank* v. *Eccleston,* 48 Md. 155; *Pfeaff* v. *Jones,* 50 Md. 296; *Gechter* v. *Gechter,* 51 Md. 187; *Patterson* v. *Preston,* 51 Md. 190; *Downes* v. *Friel,* 57 Md. 533."

The Circuit Court had in our opinion authority to pass the order appealed from upon the petition of the appellee and we will affirm it.

*Order appealed from affirmed with costs.*