## BELLE PRESSLER

### *vs.*

## BENJAMIN PRESSLER.

*Decrees: setting aside; false testimony; not ground for—.*
*Demurrers: overruling; when appeal lies.*

A bill for a divorce was filed against a husband; he made no defense, and a decree *pro confesso* against him was entered on the ground of adultery; long after that decree had been enrolled he filed a petition praying that the decree might be annulled and set aside; the basis of the petition was the false testimony of the wife in obtaining her decree; on appeal from the order annulling the decree, it was *held,* that the decree was not entered by such fraud, mistake or surprise as to bring the case within the meaning of the rule relied on.                          p. 251

The acts for which a court of equity will set aside or annul a decree on account of fraud have relation to frauds extrinsic or collateral to the matter tried by the court, and not to a fraud in the matter on which the decree was founded, such as false testimony.                          p. 248

An order overruling a demurrer to the entire petition is in the nature of a final decree, from which an appeal will lie. p. 245

*Decided April 8th, 1919.*

Appeal from the Circuit Court of Baltimore City. (Soper, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Constable, JJ.

*Edward M. Hammond* (with whom was *Harry B. Wolf* on the brief), for the appellant.

*Thomas Charles Williams* and *Eldridge Hood Young*, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The petition in this case was filed by the appellee, Benjamin Pressler, asking that the enrollment of the decree by which he was divorced from his wife, Belle Pressler, the appellant, be annulled and set aside, and that he be allowed to file an answer and defend the suit.

The petition alleges that the appellant on the 9th day of November, 1916, filed her bill charging the appellee with adultery and asking for a decree of divorce *a vinculo matrimonii.*

It is further alleged in the petition that the allegations in said bill were untrue; that said plaintiff was not a faithful, loving and chaste wife as alleged in said petition and as testified to by her at the trial of the case, but was guilty of illicit relations with one Michael Schloss both before and after her marriage to him; that although summoned to appear and answer to the divorce proceedings instituted against him, he, "feeling that the conduct of his wife was such that he would no longer live with her, did unthinkingly not defend said suit for divorce and that the said plaintiff did, on the 29th day of November, 1916, obtain a decree *pro confesso* against him," and on the 4th day of January, 1917, a final decree was passed divorcing the plaintiff from the petitioner.

The petition then alleges, "it was not until long after that date, that the petitioner discovered the allegations in said bill of complaint nor the testimony upon which said decree was entered, and he now realizes that said decree was obtained by mistake and fraud practised upon this Court by the plaintiff, in that the said plaintiff alleged and testified that she was a faithful and chaste wife, when in fact she had since marriage been guilty of adultery with said Michael Schloss."

The appellant demurred to the whole petition, which demurrer the Court overruled with leave to the appellant to file her answer thereto within thirty days. From the order of the Court overruling the demurrer, Belle Pressler, the wife, has appealed. A motion has been made to dismiss the appeal because the order appealed from—an order overruling a demurrer to the entire petition—is not an order in the nature of a final decree. That such an order is in the nature of a final decree from which a party has the right of appeal has been settled by the cases of *Chappell* v. *Funk*, 57 Md. 465; *Hecht* v. *Colquhoun*, 57 Md. 563; *Hyattsville* v. *Smith*, 105 Md. 318; *Darcey* v. *Bayne*, 105 Md. 365; *Stinson* v. *Ellicott City & C. Company*, 109 Md. 111; *Reck's Extr.* v. *Reck*, 110 Md. 497; *Peoples* v. *Ault*, 117 Md. 631; *Wilmer* v. *Placide*, 128 Md. 168; *Reynold* v. *Russler*, 128 Md. 606; *Hendrickson* v. *Standard Oil Co.*, 126 Md. 577. The motion to dismiss will, therefore, be overruled.

The relief sought in this case is by petition and not by a bill of review or an original bill. "The general rule undoubtedly is that after an enrollment of a decree in chancery, in the absence of fraud, surprise or irregularity in its procurance, a substantial error in it will not be corrected or a rehearing of the case granted upon a mere petition, a bill of review or an original bill for fraud being the appropriate form of proceeding in such cases." *Foxwell* v. *Foxwell*, 122 Md. 273; *Primrose* v. *Wright*, 102 Md. 105; *Pfeltz* v. *Pfeltz*, 1 Md. Ch. 455; *Burch* v. *Scott*, 1 G. & J. 393; *Tomlinson* v. *McKaig*, 5 Gill, 279; *Thruston* v. *Devecmon*, 30 Md. 217; *Krone* v. *Linville*, 31 Md. 146; *Pfeaff* v. *Jones*, 50 Md. 269; *Rice* v. *Donald*, 97 Md. 396; *Whitlock Cordage Co.* v. *Hine*, 125 Md. 96; *Galloway* v. *Galloway*, 125 Md. 511.

"But to this general rule there are certain well-defined exceptions which are equally well established, where the procedure may be by petition. These are in cases not heard on their merits and in which it is alleged that the decree was entered by mistake or surprise or under such circumstances as shall satisfy the Court in the exercise of a sound discre-

tion, that the enrollment ought to be discharged and the decree set aside." *Foxwell* v. *Foxwell, supra; Primrose* v. *Wright, supra; Herbert* v. *Rowles,* 30 Md. 278; *First Nat. Bank* v. *Eccleston,* 48 Md. 155; *Pfeaff* v. *Jones, supra; Gechter* v. *Gechter,* 51 Md. 187; *Patterson* v. *Preston,* 51 Md. 190; *Downes* v. *Friel,* 57 Md. 533; *Whitlock Cordage Co.* v. *Hine, supra; Galloway* v. *Galloway, supra.*

It is not always easy to determine, under the general rule and the exceptions thereto, when a petition to rescind an order or set aside a decree which has become enrolled, should be entertained. *Whitlock Cordage Co.* v. *Hine.*

In this case the defendant, appellee in this Court, was duly summoned, but failed to appear and answer the bill, and from the averment of his petition, he never informed himself as to the charges contained therein. Because of his failure to appear and answer, a decree *pro confesso* was passed in due course and testimony was thereafter taken and a final decree divorcing the parties *a vinculo matrimonii* was granted. The only explanation made by him as to why he did not appear and answer the charges contained in said bill was that he, "feeling that the conduct of his wife was such that he would no longer live with her, did unthinkingly not defend said suit;" and the only alleged fraud that was practiced upon the Court by the plaintiff in obtaining the decree here sought to be annulled was that she alleged and testified that she was a faithful and chaste wife, when in fact, as alleged by the petition, she had been since said marriage guilty of adultery; and this is the sole ground upon which the Court is asked to annul the decree.

Although the bill contained the allegation of the wife's chastity and faithfulness, which was subject to refutation by the defendant, and the fact that the defendant was guilty of adultery, he, nevertheless, ignored the proceedings so instituted against him and allowed the decree complained of to be passed without any effort whatever on his part to inform himself of the allegations and charges contained in the bill,

and to defend himself against the same, or to show that the allegation of chastity of the wife, or her testimony taken in support of that allegation, was untrue; but now undertakes to have the enrollment of the decree annulled and the case opened that he may be allowed to file his answer and defend the suit, which he failed to do, for the reason stated, when duly summoned to appear and defend the same.

It is not claimed that anything was done by the plaintiff to mislead the defendant or prevent him from making his defense, or that she did anything, with or without the co-operation of the defendant, to mislead the Court, except to swear falsely as to her chastity, or to withhold from it any information that should have been submitted to it in reaching its conclusion. The sole fact of complaint being that she swore falsely in support of an allegation of the bill, which he had the full opportunity to refute, and which he says he unthoughtfully failed to do.

It is true he alleges in his petition that he did not know that he was charged with adultery in the bill until after the passage of the decree. He, however, was summoned to appear and defend the suit, and it was his duty to inform himself as to the allegations of the bill upon which the decree of divorce was sought.

It may further be said that if the enrollment of the decree in this case was annulled and the defendant allowed to answer and defend the suit, the questions involved would be precisely the same, so far as the plaintiff is concerned, as those passed on at the former trial.

In discussing the question whether or not a decree or judgment should be set aside because obtained upon perjured testimony, CHIEF JUDGE BOYD said for this Court in *Maryland Steel Co.* v. *Marney,* 91 Md. 375, that the case "most relied on is that of the *United States* v. *Throckmorton,* 98 U. S. 61, which is now a leading case on the subject. A demurrer to a bill to set aside decrees, alleged to have been obtained by fraud, was sustained." JUSTICE MILLER, in giv-

ing the opinion of the Court, said: "There are no maxims of
the law more firmly established or of more value in the ad-
ministration of justice, than the two which are designed to
prevent repeated litigation between the same parties in regard
to the same subject of controversy, namely: '*Interest reipub-
licae, ut sit finis litium,*' and '*Nemo debet bis vexari pro una
et eadem causa.*' The Court referred to cases where relief
was granted on the ground that by some fraud practised
directly upon the party seeking relief against a judgment or
decree he had been prevented from presenting all his case to
the Court, and then said: 'On the other hand, the doctrine
is equally well settled that the Court will not set aside a
judgment because it was founded on a fraudulent instrument,
or perjured evidence, or for any matter which was actually
presented and considered in the judgment assailed.' And
after reviewing other cases the Court thus announced its con-
clusion: 'We think these decisions establish the doctrine on
which we decide the present case, namely, that the acts for
which a Court of Equity will on account of fraud set aside
or annul a judgment or decree, between the same parties,
rendered by a Court of competent jurisdiction, have relation
to frauds extrinsic or collateral to the matter tried by the
first Court, *and not to a fraud in the matter on which the
decree was rendered. That the mischief of retrying every
case in which the judgment or decree rendered on false testi-
mony, given by perjured witnesses, or on contracts or docu-
ments whose genuineness or validity was in issue, and which
are afterwards ascertained to be forged or fraudulent, would
be greater, by reason of the endless nature of the strife than
any compensation arising from doing justice in individual
cases.*" *Gray* v. *Barton,* 62 Mich. 197; *Graves* v. *Graves*
(Iowa), 10 L. R. A. (N. S.), 216; *Zeitlin* v. *Zeitlin* (Mass.)
88 N. E. 762.

The Court also quoted from *Pico* v. *Cohn,* 91 Cal. 129,
where the same doctrine is laid down and then proceeded to
say that "the reasoning of those opinions, especially the por-

tions we have italicized, is so in accord with our views and so satisfactory, we adopt their language instead of attempting to make it clearer by anything we might say why such rule should prevail."

It is true that the two cases from which the Court there quoted were not divorce proceedings, but it seems that the same rule or doctrine is applied to divorce cases, for in *Zeitlin* v. *Zeitlin, supra,* which was a divorce proceeding, the Court there said: "It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of facts by the tribunal that heard the evidence. A contention that some part of the material testimony was false might be made with plausibility, in a large proportion of the cases that are tried. A contention that the prevailing party knowingly gave or procured false testimony, upon an issue involved, might be made and strongly supported in a great many cases. It is against public policy to open cases on no other ground than this."

In *Foxwell* v. *Foxwell,* 122 Md. 273, upon which the petitioner largely relies, we said: "The reason for permitting the setting aside or the annulment of decrees which are entered by mistake or surprise, or under such circumstances as to satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be set aside, exists even more strongly in divorce proceedings than in other cases to which the rule is applied. In divorce proceedings, which are often not contested and where collusion may exist between the parties, the public has a peculiar interest which, as was said in the case of *Fisher* v. *Fisher,* 95 Md. 319, 'is in the care of the tribunal before which the proceedings are pending, and it will be astute in enforcing the policies and principles of the law, lest by the suppression or perversion of important facts it may be made the medium of obtaining a decree to which neither of the parties is justly or legally entitled.' "

But we also said in that case: "Where the process has been regularly served upon the defendant and he fails to appear and make his defense and judgment is regularly entered against him, a strong case must be presented to justify the Court in striking out the judgment after the lapse of the term (or the enrollment of the decree); and the Court will not in any such case interfere with the judgment unless the facts produced clearly establish fraud, deceit, surprise or irregularity *in obtaining the same,* and the defendant has acted *bona fide* and with reasonable diligence in making the application." *Rust* v. *Lynch and Jackson,* 54 Md. 640; *Anderson* v. *Graff,* 41 Md. 601; *Sarlouis* v. *Firemen's Ins. Co.,* 45 Md. 241; *Abell* v. *Simon,* 49 Md. 318; *Kemp & Buckley* v. *Cook and Ridgely,* 18 Md. 130; *Smith* v. *Black,* 51 Md. 247.

In *Foxwell* v. *Foxwell, supra,* Hattie M. Foxwell, the defendant, admitted that she had been summoned but failed to appear and answer the bill, and the decree there sought to be set aside, was subsequently passed. She claimed that her failure to appear in answer was owing to a misunderstanding on her part as to what was required of her in respect thereto. We there said, by the application of the rule above stated: "The relief sought by the petitioner would have to be denied her upon her own admissions, if there were nothing more before the Court to be considered by it in determining the question presented."

In that case the record disclosed that the decree of June 27th, 1911, was passed by JUDGE STUMP, sitting in Circuit Court No. 2, in absolute ignorance of the former divorce proceedings in the Circuit Court, and the decree of October 18th, 1909, passed therein by JUDGE HEUISLER, divorcing the plaintiff, Hattie M. Foxwell, *a mensa et thoro,* from her husband, H. Webster Foxwell, and awarding the custody and care of the infant child to her. The plaintiff, as well as his attorneys, had full knowledge of the proceedings in the former case, which they withheld from the Court in the

prosecution of the second divorce proceedings, the ground of which was the abandonment of the husband by the wife, although she at such time was living apart from him, under the decree *a mensa et thoro* in the former case. Upon these facts, we affirmed the order of the lower Court annulling said decree.

It is clear to us that this case, under the facts alleged in the petition, does not fall within the exceptions to the general rule, and consequently in our opinion the learned judge below erred in overruling the demurrer to the petition.

The defendant in this case was fully notified of the institution of the suit against him and was summoned to appear and answer the charges contained in the bill. He failed to appear and answer the bill, a decree *pro confesso* was passed, evidence was subsequently taken, and the final decree divorcing the parties *a vinculo matrimonii* was granted.

The decree was not entered by surprise or mistake, within the meaning of that term as used in the exception to the rule referred to, and the facts and circumstances as alleged in the petition, if true, do not satisfy the Court in the exercise of a sound discretion that the enrollment ought to be discharged and the decree set aside.

From what we have said, the order appealed from, will be reversed.

*Order reversed and petition dismissed, with costs.*