# EDNA EARL STIEGLER

*vs.*

# GEORGE H. STIEGLER.

*Decree of Divorce—Petition to Revoke—Demurrer—Notice by Publication—Appealable Order.*

On a petition for the revocation of a decree of divorce, as having been obtained, by false testimony, in a proceeding of which petitioner was not personally informed, the adequacy of the testimony to support the decree is not a subject for decision.　p. 178

A petition by the wife for the revocation of a decree of divorce, filed before the enrollment of the decree, and alleging that, though her husband had testified that she left him without cause, he in reality forced her to leave him, and by means of his misrepresentations to the court, in a proceeding of which she was not personally informed, he obtained the decree, was sufficient as against a demurrer.　pp. 178, 179

For the purpose of the ruling on a demurrer to a petition to revoke a decree of divorce, and to have the case reopened, on the ground that the decree, which was not yet enrolled, was obtained by false testimony, and that petitioner had no actual notice of the divorce proceeding, it must be assumed that the order of publication in such proceeding never came to petitioner's attention, and such order cannot be given the effect of a personal summons.　p. 179

An order, sustaining a demurrer to a petition which sought to rescind a decree of divorce, by reason of petitioner's lack of notice of the proceeding, and respondent's false testimony therein, was appealable, although it granted leave to amend the petition as to an averment of lack of jurisdiction by reason of non-residence.　p. 181

*Decided April 20th, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (Stump, J.).

Petition by Edna Earl Stiegler against George H. Stiegler, to revoke a decree of divorce. From an order sustaining a demurrer to the petition, petitioner appeals. Reversed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and · Offutt, JJ.

*R. B. Tippett,* with whom were *Richard B. Tippett & Sons* on the brief, for the appellant.

*Edward J. Colgan, Jr.,* for the appellee.

Urner, J., delivered the opinion of the Court.

In a suit by the appellee against his wife, the appellant, a decree of absolute divorce was passed on the ground of abandonment. Before the decree had become enrolled by the lapse of the thirty day period prescribed by the Code (art. 16, sec. 186), the appellant, who had been proceeded against as a non-resident and had not been personally summoned in the case, filed a petition, alleging that the decree of divorce had been obtained by fraud, and praying that it be stricken out, and that leave to answer the bill and make defense be granted. The appeal is from an order sustaining a demurrer to the petition.

It was charged in the bill of complaint that the appellant had abandoned her husband without just cause, and that the abandonment had continued uninterruptedly for at least three years, and was deliberate and final, and the separation was without any reasonable hope of reconciliation. The evidence in the case consisted of the *ex parte* testimony of the plaintiff and his two sisters. The plaintiff testified that there was nothing in his conduct of which his wife could reasonably

complain, and that her departure followed an argument between them in reference to a difficulty with his sisters, on account of which she announced her purpose to leave the next day. By agreement, he said, his wife took their six months old daughter with her, and left with him their other child, Florence, who was then two years of age. A few days later the mother returned and secured possession of Florence by taking her from the home of the plaintiff's sisters in his absence. The testimony of the sisters was to the effect that the plaintiff treated his wife well, but that she was dissatisfied and fault-finding, and that they heard her threaten to leave her husband. These two witnesses did not live with the plaintiff and his wife, and could not testify as to what occurred between them at the time of the separation. It appears from the testimony that the plaintiff accompanied his wife to the train on which she left for her mother's home in the South. This reference to the evidence on which the decree of divorce was passed has not been made with a view to the consideration of the question as to whether it was adequate to support the decree, as that is not the present subject of decision, but simply for the purpose of indicating the condition in the light of which the sufficiency of the petition for the revocation of the decree is to be determined.

It is alleged under oath in the petition that the plaintiff's testimony as to his wife having abandoned him was false, and that the proceeding was conducted by him secretly for the purpose of obtaining an absolute divorce and thus relieving him of the duty of supporting his wife and children, which obligation he had been recognizing by monthly remittances to her until the divorce was decreed. The petition charges that the plaintiff forced his wife to leave him by abusing and cursing her, threatening her life, and ordering her to "pack up and get out." It is further alleged that she was taken to the train by her husband, provided by him with a ticket and sent to Richmond. There is also an allegation that the plaintiff was not a resident of this State for two years pre-

ceding the divorce suit, as stated in the bill and in his testimony.

The truth of the averments just summarized is admitted for the purposes of the demurrer to the petition. The effect of the demurrer is to place the appellee in the position of contending that even if he forced his wife from their home and then falsely testified that she left him without cause, and by reason of his misrepresentation to the court, in a proceeding of which she was not personally informed, he obtained a divorce to which he was not entitled, yet the objection of his wife to the decree thus procured cannot be heard though interposed before it became enrolled. The authority of a court of equity would be very deficient if it were not competent to remedy such a wrong as the petition describes and the demurrer admits. The complaint here is not merely that the testimony of the plaintiff was false, but also that the defendant was in ignorance of the proceeding and was consequently not in a position to make a defense. This charge is made in a divorce case, in which there are broader interests than those of the immediate parties. The application to avoid the effect of the alleged fraud is presented while the decree which is said to have been thereby obtained is still completely within the court's control. Under such conditions it is the right and duty of the court, if the petition is properly supported by proof, to rescind the decree in order that the case may be tried on its real merits.

The appellee's theory, that the order of publication against the appellant must be given the same effect as a personal summons, in the determination of her right to have the case reopened, does not meet with our approval. For the purposes of the ruling upon the demurrer to the petition, it must be assumed that the order of publication never came to the appellant's attention and that she was not aware of the suit. The question is not as to the ordinary effect of the constructive notice provided by an order of publication, but as to whether a defendant in a divorce proceeding, who had not actual notice

of it prior to the decree of divorce, and whose right to contest the suit has therefore never been exercised, should be accorded that privilege if claimed when the decree has not yet become enrolled, and if the testimony upon which it was passed is alleged and proved to be false.

In the case of *Pressler* v. *Pressler,* 134 Md. 243, cited by the appellee, it was held that, after a decree of divorce had become enrolled, an application for its rescission, because of an alleged suppression of a material fact in the testimony, was properly denied when made by a defendant who "was fully notified of the institution of the suit against him and was summoned to appear and answer the charges contained in the bill." But in *Foxwell* v. *Foxwell,* 122 Md. 263, where the defendant wife was informed of the suit by personal summons, her petition to have the decree of divorce vacated *after enrollment* was granted because of the concealment by the plaintiff of a fact by which, if disclosed, the decree would have been prevented. In the opinion of the Court, delivered by JUDGE PATTISON in that case, it was said: "The reason for permitting the setting aside or the annullment of decrees which are entered by mistake or surprise, or under such circumstances as to satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be set aside, exists even more strongly in divorce proceedings than in other cases to which the rule is applied. In divorce proceedings, which are often not contested and where collusion may exist between the parties, the public has a peculiar interest which, as was said in the case of *Fisher* v. *Fisher,* 95 Md. 319, 'is in the care of the tribunal before which the proceedings are pending, and it will be astute in enforcing the policies and principles of the law, lest by the suppression or perversion of important facts it may be made the medium of obtaining a decree to which neither of the parties is justly or legally entitled.' "

In the case before us the question is simply whether the appellee should be required to answer the petition by which the appellant seeks the rescission of a decree not yet enrolled,

so that she may have an opportunity, not heretofore realized, for a legitimatie defense, or whether the demurrer to the petition should be sustained without inquiry as to the truth of the allegation that the decree was procured by fraud and perjury.    As between these alternatives we have no doubt as to the proper decision.    The demurrer should be overruled, with leave to the appellee to answer the petition, and if the appellant's allegations are satisfactorily proved, the decree should be revoked.

It is argued in the appellee's brief that the order sustaining the demurrer to the petition is not appealable.    This point was not pressed in the oral argument.    In our opinion the appeal may be entertained.    The order appealed from finally and adversely decided the question as to the appellant's right to have the decree rescinded in order that she might contest the divorce suit upon the ground that she was not guilty of the abandonment of which she was accused.    In sustaining the demurrer, the court below granted leave to the appellant to amend the paragraph of her petition which alleged that the appellee had not been a resident of Maryland for two years before the suit was instituted.    But the distinct ground of contest which the order eliminated is vitally important.    The denial of the appellee's residence in this State was directed to the question of jurisdiction, while his right to a divorce was disputed on the facts by the allegation held to be demurrable. The conclusion that the order rejecting this separate and sufficient ground of attack upon the decree is a proper subject of appeal is supported by the decision in the case of *Hendrickson* v. *Standard Oil Co.,* 126 Md. 577.

The order will be reversed and the case remanded to the end that an order may be passed in conformity with this opinion.

*Order reversed, with costs, and cause remanded.*