WILLIAM V. TABELING *v.* SARAH L. TABELING.
[No. 22, April Term, 1929.]

430

*Decided May 24th, 1929.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Wm. Purnell Hall,* for the appellant.

*Wm. Pinkney Whyte, Jr.,* with whom were *Isaac Lobe Straus* and *Avrum K. Rifman* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

On June 25th, 1927, the appellant, William V. Tabeling, filed a bill in the Circuit Court No. 2 of Baltimore City, praying a divorce *a vinculo matrimonii* from the appellee, Sarah L. Tabeling, on the ground of adultery. To this the appellee answered and filed a cross-bill against the appellant for a divorce *a mensa et thoro* on the ground of abandonment. After having heard the testimony, the court passed a decree on the 24th day of January, 1928, granting the appellant an absolute divorce from the appellee, from which, on the same day, she appealed to the April Term, 1928, of this court. The case was continued to the October Term,

1928, and on the 25th day of September, 1928, the appellee (the appellant in No. 12, April Term, 1928) dismissed her appeal. On May 28th, 1928, the appellee filed a petition in the Circuit Court No. 2 of Baltimore City, praying that court to strike out the decree of January 24th, 1928, and to "re-open and further consider the said cause for such further proceeding and action" as that court should "determine to be proper in the premises," the reasons assigned therefor being:

(1) That the decree "was procured and obtained by conspiracy and fraud upon the part of and between the plaintiff, William V. Tabeling, and his detectives and witnesses, John R. Brown, John Small, *alias* John Smallwood, Ralph Stokes, *alias* 'Sam' Stokes, and Mamie Tomlin, *alias* Lou Wright, to charge the defendant with and convict her of the crime of adultery with the said * * * witnesses and detective 'Sam' Stokes for the purpose of procuring and obtaining for the said William V. Tabeling an absolute divorce from the said Sarah L. Tabeling upon and by virtue of said charge of adultery"; that the decree was obtained by the perjury of the said witnesses "pursuant to the conspiracy aforesaid," and that the testimony of the said witnesses "was designed and intended to mislead and induce" the court to grant said decree.

(2) That since the granting and entering of the decree, the whereabouts of Mamie Tomlin, *alias* Lou Wright, who was not available at the trial and hearing, had been discovered, and that she had made a statement in the office of the state's attorney, "showing the conspiracy and collusion aforesaid, and also the material and wilful falsehood of the testimony of the said Brown, Stokes and Small at the said trial * * * and showing also that the said William Tabeling was guilty of connivance at and in the attempt of said detectives, Brown, Stokes, Small and Tomlin, to lead the defendant into a compromising position and to appear to have committed the crime of adultery with said detective and witness Stokes," and that the statement of Mamie Tomlin would be available at the hearing of the petition.

(3) That the witness and detective Small, or Smallwood, had also made a statement in the state's attorney's office showing the said "conspiracy, fraud and perjury" on the part of the witnesses Brown, Stokes and himself and the connivance of William V. Tabeling.

On the petition of May 28th, 1928, an order was passed by the Circuit Court No. 2 of Baltimore City for the plaintiff (appellant) to show cause why the decree of divorce of January 24th, 1928, should not be stricken out and the case re-opened for such further proceedings as the court should determine to be proper in the premises. An answer to the petition was filed by the appellant, denying each and all of the charges of the appellee, and, after a hearing before the circuit court, a decree was passed vacating and annulling the decree of January 24th, 1928, by which the appellant had been granted an absolute divorce from the appellee, and a divorce *a mensa et thoro* was granted the appellee from the appellant. The decree also required the appellant to pay the appellee five dollars alimony *pendente lite* per week and five hundred dollars counsel fees.

The view we take of the petition and proceedings thereon makes it unnecessary to discuss the question of the action of the circuit court pending an appeal to this court.

At the hearing there was no testimony offered by the appellee except the hearsay evidence of John A. Sherman, Jr., assistant state's attorney for Baltimore City, who submitted the statements made to him by Mamie Tomlin and John Small, upon which a decree was passed as above stated; and it is from this decree the appeal is taken.

In the former appeal, which was dismissed by the appellee (then the appellant), it was contended by her (1) that the charge of adultery had not been sustained; (2) that she was entitled to a decree *a mensa et thoro;* (3) that the evidence was obtained by connivance on the part of the husband (now the appellant), and these were the contentions made by her both at the oral argument and in the brief in the instant case.

The appellant contends that the questions involved in this appeal are: (1) that the decree of January 24th, 1928, had

become enrolled before the petition of May 28th, 1928, to annul the decree had been filed; (2) the admissibility of the evidence on which the decree of separation was based; (3) allowance and amount of counsel fees.

It was contended by the appellant that the proceeding adopted by the appellee to set aside the decree of divorce was erroneous, in that a decree, after enrollment, can only be revised or annulled by a bill of review, or original bill for fraud, and not by petition. *Miller's Equity Proc.,* 357, 358. In *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 102, this court, in an opinion by Chief Judge Boyd, said: "It must be confessed that it is not always easy to determine under the authorities when a petition to rescind an order or set aside a decree, which has become enrolled, should be entertained. The general rule undoubtedly is that a decree or a decretal order, after enrollment, can be revised or annulled only by a bill of review or original bill, and not by a petition, but there are exceptions to the rule, equally well established as the rule itself, which are generally classified as follows: (1) In cases not heard upon the merits. (2) Where the circumstances are such as to satisfy the court that the decree should be set aside, and (3) where the decree was entered by mistake or surprise." As this case was considered on the merits before the decree of January 24th, 1928, was entered, and as the appellee (defendant) appeared, filed her answer, and vigorously contested the case, there was neither mistake nor surprise in the proceeding. It leaves the case for consideration by this court only under the second of the excepted heads, and of this, Mr. Miller, in his *Equity Procedure,* 361, says: "No certain rule can be laid down in such cases, each case depending upon its own peculiar circumstances." *Pressler v. Pressler,* 134 Md. 243.

If the facts set up in the petition were before the court in the first instance and the court was not deceived or misled into the entry of the decree, it will not be disturbed. *Maryland Steel Co. v. Marney,* 91 Md. 375; *Pressler v. Pressler, supra; Payne v. Payne,* 97 Md. 678.

In the proceedings to set aside the decree there was no matter presented which did not appear in, or which might not have been inferred from, the evidence on which the court granted the original decree. All that is alleged in the petition to rescind is a conspiracy of the appellant's witnesses to place the appellee in a compromising position and by their combined perjuries secure an absolute divorce for the appellant. The chief, and practically sole, contention of the appellee on this appeal was that, granting the truth of the appellant's evidence, the decree was due to his connivance in bringing about the adulterous intercourse of the appellee with one of the appellant's witnesses, whose aid in the case had been enlisted (without pay) by a detective employed by the appellant. This is a contention which could have been made, and from the record, appears to have been made, in the case originally, and goes to the merits, and therefore cannot be heard on the petition to rescind the decree of divorce granted the appellant. *Miller's Equity Proc.* 359; *Pressler v. Pressler, supra; Whitlock Cordage Co. v. Hine, supra; Payne v. Payne, supra.*

The charge that there was a conspiracy between the appellant's witnesses to "frame" the appellee, and that the decree was founded on their perjured testimony, likewise goes to the merits of the case, and is not recognized as a sound reason for setting aside a decree after it has been enrolled, the time it shall be considered being thirty days, as provided by Rule 48, section 201 of article 16 of the Code.

In the case of *Maryland Steel Co. v. Marney, supra,* a judgment had been recovered by the appellee against the appellant, and the latter filed a bill to restrain the execution of the judgment on the ground that the judgment had been the result of a conspiracy between the appellee's witnesses and himself, and of their perjured testimony. This court there held that the perjury and subornation of perjury charged were not sufficient reasons for disturbing the judgment, and in support of its decision adopted the views expressed in the cases of *Pico v. Cohn,* 91 Cal. 129, and *United States v. Throckmorton,* 96 U. S. 61. See *Pressler v. Press-*

*ler, supra; United Rys. Co. v. Corbin,* 109 Md. 52, 61; *Goldberg v. Novickow,* 113 Md. 29, 35; *Leaverton v. Albert,* 116 Md. 252, 256; *Wilmer v. Placide,* 127 Md. 339, 144 Md. 372.

In support of the petition to rescind the decree granting an absolute divorce to the appellant, the appellee offered only the testimony of John A. Sherman, Jr., the assistant state's attorney, who testified that he had interviewed Lou Wright and Small, of whom the latter had testified for the appellee, and read their unsworn statements, consisting of his questions and their answers, and it was upon this that the decree was passed annulling the decree of January 24th, 1928. Aside from the fact that such statements cannot be received as evidence (*Gechter v. Gechter,* 51 Md. 187), they did not introduce into the proceedings any evidence which had not been considered before the passage of the original decree. All that the witnesses had said to the state's attorney had been testified to by witnesses heard by the court, or could have been reasonably inferred therefrom, and the opinion expressed by the court before the decree of January 24th, 1928, was passed shows that the matter of the connivance of the plaintiff (appellant), the employment of the detectives, the assistance given the detective by the witnesses and by Lou Wright, who had not testified, and the probable truth of their testimony, were all considered by the court before the appellant was granted a divorce, and we fail to find anything in the petition or the statements made to the state's attorney introducing any new elements into the case which were not in it when it was first heard. On the day the decree of January 24th, 1928, was passed, the appellee (appellant then) prayed an appeal to this court, but before the case was heard, and before the appeal was dismissed, the appellee demanded an investigation by the state's attorney's office with a view to the prosecution of the plaintiff and his witnesses for conspiracy, perjury, and subornation of perjury. The original record showed a real controversy between the parties on the facts, but the defendant (now appellee) chose for the time being to abandon that proceeding, take her case to the

state's attorney's office .and, as a result of an investigation, to put somebody in jail, and with this as a foundation have the original decree set aside. More than a year has elapsed since the petition was filed, and it was stated at the argument that no criminal proceedings had been taken, a fact which adds nothing to the weight of the appellee's contention that the decree of January 24th, 1928, was based on the criminal conduct of all concerned.

In *Maryland Steel Co. v. Marney,* 91 Md. 360, 378, this court, speaking through Judge Boyd, after citing with approval *Pico v. Cohn, supra,* said:

"There are some cases which hold that if a witness, whose testimony determined the issue, is afterwards convicted of perjury for such false swearing, relief should be granted, but not otherwise. There is some reason for that distinction, as it must be on the theory that *quo ad* the testimony of that witness, his conviction practically settled the question and the danger of continuing the litigation no longer exists. But these parties have not been convicted, and if the case is reopened on testimony produced by the appellant as to that given by Johnson and Hines, the appellees may in turn desire to show that the evidence thus produced was false and procured by unlawful means, and thus the final determination of the litigation might be almost indefinitely postponed.

"We are, then, of the opinion that inasmuch as the defendant had ample opportunity to present its defense at the trial on those two questions (the alleged incompetency of Schmidt and the defendant's knowledge of it), which were directly and necessarily involved and which were actually passed on by the jury, but failed to do so either because they could not be denied or by reason of its own neglect, the judgment cannot now be vacated on the grounds alleged either in the motion or bill in equity."

We think that what Judge Boyd so stated is peculiarly applicable to the case now before the court. We are therefore of the opinion that the decree of September 11th, 1928, annulling the decree of January 24th, 1928, and granting

the appellee a divorce *a mensa et thoro,* should be reversed, which means that the decree of January 24th, 1928, shall stand.

The chancellor, in the decree of September 11th, 1928, allowed the appellee, and ordered the appellant to pay to her, counsel fees of five hundred dollars, and this also should be reversed. When the petition of May 28th, 1928, was filed, the appellee was not the wife of the appellant, and as alimony *pendente lite* and counsel fees are allowable only to a wife, because of the relationship of husband and wife, one who is not a wife is not entitled to such allowance. 19 *C. J.* 228; *Corder v. Speake,* 37 Or. 105; *Wilson v. Wilson,* 49 Iowa, 544; *Lake v. Lake,* 194 N. Y. 179; *Carter v. Carter,* 156 Md. 500. If the petition of the appellee had succeeded, our decision would have been otherwise, as it would then have been allowable on the theory that the decree of divorce had been void and that, notwithstanding it had been passed, the appellant and appellee were still husband and wife.

*Decree of September 11th, 1928, reversed, with costs to the appellant.*